Buntin v. Hooper et al.

————◆————

## BUNTIN v. HOOPER ET AL.

SUPREME COURT.—*Appeal.*—*Act of March 14th,* 1877, *Construed.*—*Practice.*—*Limitation.*—An appeal to the Supreme Court, in a cause tried prior to the taking effect of the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, amending section 561 of the code, must, where the appellant was not under legal disability, have been taken within one year from the taking effect of such act.

SAME.—*Motion to Dismiss Appeal.*—*Reply of Disability.*—The question, as to whether or not such appeal is barred by such statute, may be determined in the Supreme Court, on a motion by the appellee to dismiss the appeal, and notice thereof to the appellant; and to this motion the latter may reply that he was under legal disability.

From the Knox Circuit Court.

*G. G. Reily*, *W. C. Johnson* and *W. C. Niblack*, for appellant.

*W. H. De Wolf* and *S. N. Chambers*, for appellees.

WORDEN, J.—In this case there is a motion made by the appellees to dismiss the appeal, on the ground that the same was not taken within the time prescribed by the statute. The appellant has had due notice of the motion.

A motion for a new trial in the cause was made and overruled on the 2d day of June, 1877, before which time judgment seems to have been rendered.

The transcript of the record was filed in this court on July 13th, 1878. The appeal, therefore, was not taken within the time limited.

Section 561 of the code was amended by the 2d section of the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, so as to read as follows :

"Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered; in all cases, heretofore tried, must be taken within one year from the time this act takes effect; but the time allowed the appellant, by the pre-existing law, shall not be enlarged. Where the appellant is under legal disabilities, at the time the judgment is rendered, he may have his appeal at any time within one year after the disability is removed."

The appeal in this case was taken too late, unless the appellant was under some legal disability at the time the judgment was rendered.

And here arises a question of practice. Should the appellees be required to plead the statute limiting the time to one year within which an appeal may be taken, leaving the appellant to reply the disability, or may the question be made and decided on motion? The English practice seems to require that such objection be made by plea. Says Mr. Tidd, " Special pleas to an assignment of errors contain matters in confession and avoidance, as a

release of errors, or the statute of limitations," etc. 2 Tidd Pr. 1174.

But the Supreme Court of the United States, on motion, dismissed a writ of error because it was not filed within the time prescribed by act of Congress. *Brooks v. Norris*, 11 How. 204. The court said: "According to the English practice, the defendant in error must avail himself of this defence by plea. He can not take advantage of it by motion: nor can the court judicially take notice of it, as the limitation of time is not an objection to the jurisdiction of the court. It is a defence which the defendant in error may or may not rely upon, as he himself thinks proper. But according to the established practice of this court he need not plead it, but may take advantage of it by motion. * * And either party, without any formal assignment of error or plea, may avail himself of any objection which appears upon the record itself. In this case the bar arising from the lapse of time is apparent on the record, and the defendant may take advantage of it by motion to quash or to dismiss the writ."

This court has authority " to establish modes of practice which may be necessary in the exercise of its authority." 2 R. S. 1876, p. 2, sec. 5.

The practice of disposing of such questions on motion is more summary and expeditious than the more formal method of requiring the appellee to plead the lapse of time, leaving the appellant to reply, if he wishes, his disability. And if an issue of fact should be joined as to the appellant's disability, it can as well be determined in this court on motion, as on plea and replication, and issue thereon. In answer to such motion to dismiss, where the record shows that the appeal was taken after the time limited, the appellant may show that he was under some legal disability, and that the appeal was taken within a year after the disability was removed.

With a view to simplicity and facility of practice, and

the early disposition of causes improperly appealed after the time limited therefor, we have concluded to dispose of such questions on motion, upon due notice to the opposite party. This is not intended, however, to prevent the appellee, if he shall see proper to do so, from pleading the lapse of time in bar of the appeal. In this case, it is not shown that the appellant was under any disability, and the appeal must be dismissed.

The appeal is dismissed, at the costs of the appellant.

The above cause was decided at the May term, 1878; but, by request of the Supreme Court, it is published in advance of its regular order.