No. 7904.

## KISTLER v. HERETH.

STATUTE OF LIMITATIONS.—*Subsequent Disability.*—The rule is, that when the statute of limitations has once begun to run, no disability subsequently arising will arrest its progress.

SAME.—*Statute Construed.*—Section 215 of the code, 2 R. S. 1876, p. 126, only provides for cases where the plaintiff is under legal disabilities when his cause of action accrues, and authorizes him to bring his action within two years after the disability is removed.

VOL. 75.—12

SAME.—*Reply.*—*Imprisonment.*—*Legal Disability.*—In an action for damages for an assault and battery, the reply to an answer of the statute of limitations, alleged that, shortly after the commission of the injury, and while plaintiff was suffering therefrom, and confined to his room from the effects thereof, and unable to institute a suit therefor, the defendant, conspiring with others, procured, on a criminal charge, the indictment, conviction and incarceration of the plaintiff in the State's prison; that, deducting the time of said imprisonment, the action was commenced within two years after the removal of the disability occasioned by his imprisonment.

*Held*, that the reply was insufficient on demurrer.

From the Marion Civil Circuit Court.

*I. Klingensmith*, for appellant.

Howk, C. J.—This was a suit by the appellant to recover damages for an assault and battery, alleged to have been committed upon him by the appellee, on the 5th day of September, 1874. The suit was commenced on the 13th day of July, 1877. To the appellant's complaint the appellee answered in two paragraphs, in substance as follows:

1. A general denial; and,

2. That the cause of action, in appellant's complaint mentioned, did not accrue within two years before the commencement of this suit.

The appellant replied to the second paragraph of answer in two paragraphs, of which the first was a general denial, and the second paragraph stated affirmative matters, by way of reply. The appellee's demurrer, for the want of facts, to the second paragraph of reply, was sustained by the court, and to this ruling the appellant excepted; and upon this ruling judgment was rendered against him for the appellee's costs.

The only error assigned by the appellant, in this court, is the decision of the circuit court in sustaining the appellee's demurrer to the second paragraph of his reply to the second paragraph of answer. In his second reply, the appellant alleged, in substance, that after the commission of the assault and battery, as charged in the complaint, to wit, on the 5th

day of September, 1874, and while the appellant was suffering therefrom and confined to his room from the effects thereof, and unable to prepare a suit against the appellee for said cause of action, the appellee, conspiring with one Joseph K. Forbes, and others whose names were unknown to the appellant, to have him, the appellant, indicted for the crime commonly called *black-mailing*, and convicted and incarcerated in the State's prison, procured an indictment to be returned against the appellant, and had him arrested on the 19th day of September, 1874, and convicted and sentenced to the State's prison, and confined therein from the 17th of November, 1874, until the 4th day of October, 1875, when he was returned from said prison, and discharged from said indictment and imprisonment; and the appellant averred that, after deducting the time of his said imprisonment, this suit was commenced within two years after the removal of said disability of imprisonment. Wherefore, etc.

It is very clear, we think, that this second reply did not state facts sufficient to constitute a good reply to the appellee's answer, setting up the statute of limitations in bar of the cause of action stated in the complaint. It appeared from the allegations of both his complaint and his second reply, that the appellant's alleged cause of action had accrued on the 5th day of September, 1874, and that this suit thereon was not commenced by him until the 13th day of July, 1877, or nearly three years after the accruing of his said cause of action. In section 211 of the code of 1852, it is provided that actions for injuries to the person, such as the one at bar, shall be commenced within two years after the cause of action has accrued, and not afterward. 2 R. S. 1876, p. 122. Section 215 of the code of 1852, however, provides that "Any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is removed." We quote this section from 2 R. S. 1852, p. 77, as there is a paluable

misprint of the section, making it difficult to be understood, as it appears in both 2 G. & H., p. 161, and 2 R. S. 1876, p. 126. The section as quoted is re-enacted as section 42 in the civil code of 1881. It was shown by the averments of the second reply that the appellant was imprisoned from the 19th day of September, 1874, until the 4th day of October, 1875, and, while thus imprisoned, he was "under legal disabilities," within the statutory definition of that phrase as given in section 797 of the code of 1852, 2 R. S, 1876, p. 313.

But the defect in the second reply lies in this, as it seems to us, that it wholly fails to show that the appellant, when his cause of action accrued, was under any legal disability of any kind. Section 215 of the code, above quoted, only provides for the case where the plaintiff is under legal disabilities when his cause of action accrues, and authorizes him to "bring his action within two years after the disability is removed." In the case at bar, the appellant's cause of action accrued, as we have seen, on the 5th day of September, 1874, and he was not then, nor for two weeks afterward, so far as his second reply shows, under any legal disability. The statute of limitations began to run against his alleged cause of action from the time it accrued, and had run for two weeks, as shown by the reply, before his arrest and imprisonment. In such a case, the general rule is, that, when the time mentioned in the statute has once begun to run, no disability subsequently arising will arrest its progress. 2 Greenl. Evidence, sec. 439. Thus, in Angell on Limitations, sec. 196, it is said: "The invariable construction, which has been given to the saving, is, that where it is incumbent on the plaintiff to prove that he labored under any disability, he must show, that it was a continuing disability from the first, and that when the statute has once begun to run, no subsequent disability will impede it." There are some statutory exceptions to this general rule, in this State,

but the case now under consideration does not come within any of these exceptions.

We are of the opinion, therefore, that the court committed no error in sustaining the appellee's demurrer to the appellant's second reply.

The judgment is affirmed, at the appellant's costs.