Day v. The School City of Huntington.

---

No. 9098.

## DAY v. THE SCHOOL CITY OF HUNTINGTON.

PRACTICE.—*Supreme Court.*—*Appeal.*—*Lapse of Time.*—*Dismissal.*—Lapse of time for the taking of an appeal to the Supreme Court may be pleaded in bar of the appeal; or the question may be raised on motion.

SAME.—*Disability of Appellant.*—A motion to dismiss an appeal not taken in time will be sustained, unless the appellant shows that he was under disability.

SAME.—*Agreement for Submission.*—An agreement by the appellee for the submission of the cause, entered on the transcript more than a year before the filing thereof, does not affect the appellee's right to move for a dismissal of the appeal because not taken in time.

From the Huntington Circuit Court.

*L. P. Milligan, A. Moore* and *T. L. Lucas,* for appellant.

*W. H. Trammel, B. F. Ibach, N. B. Taylor, F. Rand* and *E. Taylor,* for appellee.

WOODS, J.—The appellee has moved to dismiss the appeal because not taken within the time allowed by law.

The judgment was entered on the 8th day of November, A.

D. 1877, and the transcript was filed in this court on the 24th day of November, A. D. 1880.  By the act of March 14th,. 1877, Acts 1877, Spec. Sess., p. 59, it was required that "Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered; in all cases, heretofore tried, must be taken within one year from the time this act takes effect; but the time allowed the appellant, by the pre-existing law, shall not be enlarged.  Where the appellant is under legal disabilities, at the time the judgment is. rendered, he may have his appeal at any time within one year after the disability is removed."

In the case of *Buntin* v. *Hooper*, 59 Ind. 589, it was said: "With a view to simplicity and facility of practice, and the early disposition of causes improperly appealed after the time limited therefor, we have concluded to dispose of such questions on motion, upon due notice to the opposite party. This is not intended, however, to prevent the appellee, if he shall see proper to do so, from pleading the lapse of time in bar of the appeal.  In this case, it is not shown that the appellant was under any disability, and the appeal must be dismissed."

So, in the case now before us, it is not shown or claimed that the appellant was under any disability.

The agreement for the submission of the cause on appeal,. which was endorsed on the transcript more than a year before the filing of the transcript in this court, does not affect the question raised by the motion to dismiss.  It is, therefore, immaterial to consider whether the agreement was made by an authorized agent or attorney of the appellee.

The appeal is dismissed, at the costs of the appellant.