The Board of Commissioners of Tipton County *v.* Kimberlin.

Filed Dec. 14, 1886.

---

No. 12,299.

THE BOARD OF COMMISSIONERS OF TIPTON COUNTY *v.* KIMBERLIN.

| | |
|---|---|
| 108 | 449 |
| 155 | 103 |
| 156 | 456 |
| 108 | 449 |
| 157 | 253 |
| 108 | 449 |
| 158 | 188 |

COUNTY COMMISSIONERS.—*Right to Sue for Moneys Due County.*—*Settlement with Treasurer.*—*Mistake.*—An action against a former county treasurer individually to recover moneys due from him to the county, by reason of a mistake on the part of the county whereby he had been given credit on final settlement for county orders which had been previously redeemed and for which he had been given full credit in other settle-

ments, may properly be brought by and in the name of the board of county commissioners. . Section 6506, R. S. 1881, providing that actions shall be brought by the State, on the relation of State and county auditors, in certain cases, does not apply.

PLEADING.—*Demurrer.*— *Capacity to Sue.*—The cause for demurrer, that "the plaintiff has not legal capacity to sue," has reference only to some legal disability, such as infancy or insanity, and not to the fact that the complaint fails to show a right of action in the plaintiff.

From the Clinton Circuit Court.

*G. H. Gifford* and *S. O. Bayless,* for appellant.

*J. O'Brien, C. C. Shirley, T. H. Palmer* and *W. F. Palmer,* for appellee.

HOWK, J.—In this case the court sustained the demurrers of appellee Kimberlin, the defendant below, to each of the six paragraphs of appellant's complaint. Appellant excepted to these rulings, and failing to amend or plead further, judgment was rendered, that appellant take nothing by its suit, and that appellee recover his costs.

Appellant has here assigned, as separate errors, the sustaining of appellee's demurrers to each of the six paragraphs of its complaint.

The suit was commenced by appellant in the Tipton Circuit Court; but, before any ruling or decision was made therein, Tipton county being an interested party to the suit, by agreement of the parties the venue of the cause was changed to the court below. As originally filed, appellant's complaint contained four paragraphs, to each of which appellee demurred for the following causes, namely:

1. Because neither of the four paragraphs stated facts sufficient to constitute a cause of action; and,

2. Because the appellant had no legal capacity to bring and maintain the suit, set forth in each of the four paragraphs of its original complaint.

These demurrers were sustained by the court to each of such four paragraphs of complaint. Thereupon the appellant filed its additional fifth and sixth paragraphs of complaint;

to each of which additional paragraphs appellee demurred, assigning, substantially, the same causes of demurrer as in his demurrer to the several paragraphs of the original complaint. The demurrers to the additional fifth and sixth paragraphs of complaint were also sustained by the court.

With this statement of the rulings of the circuit court, as shown by the record of this cause, we proceed now to the consideration and decision of the questions in the case, discussed by appellant's counsel.

In the first paragraph of its complaint appellant first showed by proper averments that appellee Kimberlin was the duly elected, qualified and acting treasurer of Tipton county for two successive official terms, or during a period of four years, commencing on the 17th day of August, 1875, and continuing to and ending on the 17th day of August, 1879. And appellant averred that, at the times required by law, appellee made his settlements with the auditor of such county, and, when he retired from office, he attempted to make a final settlement of his official matters with such auditor and appellant; that afterwards it was discovered that there was a mistake in the last mentioned settlement, and on the 9th day of March, 1880, the appellee and appellant settled and adjusted the amount due from appellee to Tipton county, which amount was found to be $8,000; that, at that date, appellee presented to the treasurer of Tipton county and the appellant certain county orders, which had been redeemed and paid by him while in office, and demanded that Tipton county should redeem such orders and take them in payment of the amount found due; upon such settlement, to such county; that appellant and such treasurer, believing that such orders had never been redeemed, and were a just and due demand or debt against such county, accepted such orders in payment of such balance found due such county as aforesaid.

And appellant averred that the county orders aforesaid, instead of being genuine claims and debts against such county, had been fully redeemed and paid by the county, long before

such last settlement, to wit, on the — day of November, 1875; that each and all of such county orders had been redeemed and paid by the appellee Kimberlin, and that in each of his settlements with such county he had charged the county with such orders, and each of them, and a list and description of such orders, marked "Exhibit A," were filed with and made part of such paragraph of complaint; and that the amount of such orders, so paid by mistake, was $8,000. Wherefore appellant said that appellee was indebted to appellant in the sum of $8,000, etc.

We will consider the grounds of appellee's demurrer to the foregoing paragraph of complaint, in the inverse order of their statement. Under our statute, providing for the organization of a board of commissioners, in each county in this State, for the transaction of county business, it will not do to say, we think, that such a board has not the legal capacity to sue, or to bring and maintain any suit or action, in its corporate name, for the enforcement of any cause of action it may have against any party or person, in any court of competent jurisdiction. By the express terms of section 5735, R. S. 1881, in force since May 6th, 1853, it is declared that such a board shall be "a body corporate and politic," by a specified corporate name, "and as such, and in such name, may prosecute and defend suits," etc. Besides, it has always been held by this court, that the *second* statutory cause for demurrer to a complaint, *namely*, "that the plaintiff has not legal capacity to sue," has reference only to some legal disability of the plaintiff, such as infancy, insanity or idiocy, and not the fact, if it be the fact, that the complaint on its face fails to show any cause or right of action in the plaintiff. *Dale* v. *Thomas*, 67 Ind. 570; *Dewey* v. *State, ex rel.*, 91 Ind. 173; *Traylor* v. *Dykins*, 91 Ind. 229.

But we have often held, and correctly so we think, that a demurrer to a complaint for the *fifth* statutory cause of demurrer, namely, "that the complaint does not state facts sufficient to constitute a cause of action" (section 339, R. S.

1881), calls in question not only the sufficiency of the facts stated to constitute a cause of action, but also the right or authority of the particular plaintiff to bring and maintain a suit upon such cause of action. *Pence* v. *Aughe*, 101 Ind. 317; *Wilson* v. *Galey*, 103 Ind. 257; *Walker* v. *Heller*, 104 Ind. 327; *Frazer* v. *State, etc.*, 106 Ind. 471.

It is too clear for argument, as it seems to us, that the facts stated in the first paragraph of complaint herein, the substance of which we have heretofore given, are amply sufficient to constitute a cause of action against appellee, in favor of some person or party. Indeed, we think that if the same facts had been presented to the proper court, at the proper time, in proper form, and by competent authority, they would have been amply sufficient to constitute a charge of felony against the appellee. It is not claimed on behalf of appellee, that the facts stated are not sufficient to constitute a cause of action against him; but his learned counsel vigorously insist that appellant is not the proper plaintiff to bring or maintain a suit, in its own name, upon such cause of action. They base their argument of this question upon the provisions of section 6506, R. S. 1881. In that section it is made the duty of a county treasurer to "pay over all the revenues collected for county, road, and other purposes, and make settlements therefor, at the times and in the manner by this act required;" and it is then declared that, "upon failure or refusal to do so, he and his sureties on his official bond shall be held liable to pay the full amount which he should have paid over, together with interest and ten per centum damages. Such suit, if for State revenue, shall be brought by the attorney general, in the name of the State of Indiana, on the relation of the auditor of state, upon the written request of the auditor of state; and if for county, road, or for any other purpose, it shall be brought by the prosecuting attorney, in the name of the State of Indiana, on the relation of the county auditor, upon the written request

of the county auditor or upon the order of the board of county commissioners."

We are of opinion that these statutory provisions have no application whatever, direct or analogous, to the case stated in appellant's complaint against the appellee. This is not a suit on the official bond of appellee, as the former treasurer of Tipton county; and therefore the suit would have been improperly brought, if brought in the name of the State of Indiana, or upon the relation of either the auditor of state or county auditor. The case stated in the complaint is one not contemplated in any of the legislation concerning our State or local revenues, and, to the credit of ordinary official integrity, it is one not likely to occur often. If the case stated in the complaint be true, and, as it is now presented here, its truth is admitted by appellee, it is certain the appellee is indebted to Tipton county for moneys belonging to such county; and it is equally certain, we think, that appellant is the proper plaintiff to bring and wage a suit against appellee for the recovery of such moneys.

In each of the paragraphs of its complaint, original and additional, appellant has sued appellee upon substantially the same cause of action, but has stated the facts constituting such cause of action, in different order and phraseology in the different paragraphs. What we have said, therefore, in considering appellee's demurrer to the first paragraph, is equally applicable to the other paragraphs of appellant's complaint. We are clearly of opinion that the court below erred in sustaining appellee's demurrers to each paragraph of appellant's complaint herein.

The judgment is reversed with costs, and the cause is remanded with instructions to overrule the demurrers to each paragraph of complaint, and for further proceedings in accordance with this opinion.

Filed Dec. 14, 1886.