# PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* IDDINGS, TRUSTEE.

[No. 3,873. Filed November 26, 1901. Rehearing denied February 7, 1902. Transfer denied March 14, 1902.]

TOWNSHIP TRUSTEE.—*Action for Benefit of Township.—Parties.*—A township trustee in his official capacity may maintain an action against a railroad company for injury to a highway. *pp. 508, 509.*

HIGHWAYS.—*Damages.—Action by Township.*—A civil township has such an interest in the public highways therein that it may maintain an action for damages for their injury. *p. 509.*

SAME.—*Damages To.—When Action Accrues.*—The right of action for injury to a highway accrues when the injury is consummated. *p. 510.*

SAME.—*Injury from Fire.—Measure of Damages.*—In an action against a railroad company for damages for injuries resulting to a highway from fire escaping from defendant's right of way the measure of damages is the amount which has been or will be expended necessarily in making repairs. *pp. 509, 510.*

PLEADING.—*Demurrer.*—The statutory ground of demurrer "that the plaintiff has not legal capacity to sue," has reference to some legal disability of the plaintiff, as infancy or idiocy, and not to the failure of the complaint to show a cause of action in the plaintiff, which is presented by the assignment of the cause "that the complaint does not state facts sufficient to constitute a cause of action." *p. 510.*

RAILROADS.—*Damages from Fire Escaping.—Proximate Cause.—Pleading.—Highways.*—A complaint for injuries to a highway caused by fire escaping from a railroad right of way, which alleges that defendant negligently permitted dry grass, etc., to accumulate and remain on the right of way, that the peaty soil of the right of way, the adjoining lands and the highway was dry and combustible through drought, that defendant by means of fire from its passing engine set fire to and ignited the combustibles on the right of way, and that the fire thus set out, through defendant's negligence, spread and communicated to the peaty surface soil, and through the defendant's negligence escaped from the right of way to the peaty lands adjoining, and through the defendant's negligence escaped to and communicated with and ignited the roadway, etc., sufficiently shows defendant's negligence was the proximate cause of the injury. *pp. 510-512.*

SAME.—*Damages from Fire Escaping.—Highways.—Action by Township.—Contributory Negligence.*—The rule applicable as between a railroad company and an individual proprietor whereby the latter

is bound to exercise reasonable and ordinary care to prevent the destruction of his property by fire negligently permitted by the former to escape from its right of way, by taking precautionary or preventive measures, cannot be applied as between a railroad company and a township in an action by the latter for an injury to a highway. *pp. 512-515.*

RAILROADS. — *Damages from Fire Escaping.* — *Negligence.* — *Proximate Cause.*—Where combustible material on the track of a railroad company is set on fire by the company under such circumstances that in the natural course of things it might be expected to pass, and does pass, beyond the right of way, the passing from the right of way is referable to the negligent suffering of such material to be so situated that in the operation of its trains, whether negligently or otherwise, it is caused to take fire and burn and spread abroad in its natural way. *pp. 515, 516.*

From Lake Circuit Court; *C. N. Morton*, Special Judge.

Action by Homer L. Iddings, township trustee, against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company for damages to a highway of the township from fire escaping from the railroad right of way. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*N. O. Ross* and *G. E. Ross*, for appellant.
*J. W. Youche* and *H. S. Barr*, for appellee.

BLACK, J.—The appellee, Homer L. Iddings, trustee of Ross township, Lake county, Indiana, brought his action against the appellant, alleging in his complaint that he was, and for more than two years had been, the township trustee of that township; that the appellant was, and for more than two years had been, a railroad corporation owning and operating a railroad through that county, with a right of way there for 100 feet in width, which railroad extends in a northwesterly and southeasterly direction through section thirty-one, township thirty-five, range eight, in that county, crossing that section diagonally from near its southeast corner to its northwest corner; that crossing that section in the same direction is a natural stream or watercourse, known as Deep river, which has low lands adjoining it on each side to

the width of one-half a mile or more, the surface soil to the depth of from four to ten feet being of a peaty formation, and, in seasons of drought and when dried out, of a highly combustible nature; that the railroad crosses Deep river and its adjacent peaty low lands, the width of which peaty lands where they are crossed by the railroad varies from one-half a mile to a mile; that on the 20th of July, 1897, there existed on the west line of that township, between it and St. Johns township, in that county, a public highway which extended north and south on the west line of said section from the southwest corner thereof for the distance of one mile and one-fourth north, to and across the railroad, and formed the dividing line between said townships; that since this highway was established, it was, and it still is, the duty of Ross township to construct and keep in repair the south half of this highway; that where this south half was and is located, for a distance of about 100 rods, the land and soil is, and then was, and for years had been, of the peaty, and when dry, combustible character aforesaid, and this place was a part and an uninterrupted continuation of the peaty lowlands so crossed by the railroad; that long before the date above mentioned, the highway had been established and existed; that where the Ross township part of the highway extended across the low lands, owing to its low level and insufficient drainage, and the character of the soil before being improved, as hereinafter set forth, it was impassable for teams and public travel; that, in order to afford a good roadway across these low lands for the highway, and to improve it and make it passable, it was necessary, and the township through its proper road officers and authorities had constructed an embankment in the center of the highway, for public travel, at great cost, to wit, over $500, this embankment being formed by digging large ditches on each side of the center of the highway and throwing the excavated earth between them, thus forming a permanent and suitable roadway for public travel; that at several places along this part

of the highway the township, in constructing the roadway, had been compelled to construct and did construct, at large expense, to wit, over $100, one wooden bridge across water ways, and two culverts extending through the highway; that the embankment and bridges were so constructed prior to the date mentioned; that on that day, and during many weeks immediately prior thereto, the appellant negligently permitted dry grass, weeds, brush and other combustible rubbish and material to be, accumulate, and remain upon the right of way of its railroad, where it crossed the low lands as aforesaid; that on that day there existed, and for many weeks prior thereto there had been, at that place, a severe drought, so that the peaty surface soil of the right of way and of adjoining lands and of the highway, to the depth of many feet, was very dry and combustible, all of which the appellant then and there well knew; that on the day mentioned, while the dry grass, weeds, brush, rubbish and other combustible material were so upon the right of way at that place, the appellant, by means of sparks and coals of fire dropped from one of its locomotive engines, run upon its road across that section, set fire to and ignited said combustibles so upon its right of way; and the fire thus set, on that day, through the negligence of the appellant, and without fault on appellee's part, spread and communicated to the peaty surface soil, igniting the same, and through appellant's negligence, and without negligence on appellee's part, escaped from the right of way to the peaty lands adjoining the same, and through said negligence escaped to, communicated with and ignited said roadway and bridges and culverts and burned up and totally destroyed the same; and also burned up and destroyed the original surface soil upon which the roadway had been constructed, to the depth of from two to six feet, thereby totally destroying that part of the highway and making it impassable for public travel; that by reason of the burning of the roadway, and of the soil forming its foundation, the surface of the highway has been

so lowered that, during most of the year, it is covered with water and made entirely impassable; that in order to make it passable for public travel and to put it in as good condition for that purpose as before the burning, it will be necessary to build an embankment and to transport earth for that purpose a long distance, from the adjoining high lands, and to build such bridges and culverts, all at great cost, to wit, over $1,000; that the fire thus set out, and thus negligently permitted by the appellant to escape and communicate to and ignite the road bed and bridges and culverts, completely destroyed that part of the highway and made it impassable to public travel; and in order to reconstruct that part of it, the township, through its proper road authorities, will be compelled to expend a large amount of money, to wit, $1,-000; that the destruction of the road bed and bridges and culverts and the injury to the highway aforesaid were caused wholly by the negligence of the appellant and without any fault or negligence on the part of the township or on the part of the plaintiff trustee, or on the part of the road authorities or officials of the township. Wherefore, etc.

The appellant demurred to the complaint for want of sufficient facts, and because the plaintiff has not legal capacity to sue. The overruling of the demurrer is assigned as error.

It is contended on behalf of the appellant, first, that if any right to maintain a civil action for injury to a highway exists, the action should be brought by the township, in its corporate name, and that the trustee of the township has no authority to bring the action, reference being made to the statute by which every township is declared a body politic and corporate by the name and style of "——————— township of ——————— county," according to the name of the township and county, by which name it may contract and be contracted with, sue and be sued.

The code provides that a trustee of an express trust may sue without joining with him the person for whose benefit

the action is prosecuted. In *State, ex rel.*, v. *Wilson*, 113 Ind. 501, a township trustee is declared to be a trustee of an express trust. See, also, *Meridian Nat. Bank* v. *Hauser*, 145 Ind. 496. Being such, he might bring the action in his official capacity without joining the beneficiary with him. The case first cited disposes of appellant's argument that the recovery in this case would be no bar to one brought in the corporate name by the remark that if the trustee recovers, the beneficiary can not; and if the beneficiary recovers, the trustee can not; "so that the defendant is fully protected."

It is next contended by the appellant that the highway was not the property of the township or of the trustee; that while the statute gives the control of it and the duty of repairing it to the township or townships through which it passes, there is no such ownership in a highway as will authorize a civil action for its injury. Counsel call attention to statutes providing for criminal prosecutions for injuries to highways, and insist that if any civil remedy had been intended, it would have been provided by statute. This is by no means a logical inference, for a statutory provision is necessary for the creation of a criminal liability, but if a sufficient civil remedy exists at common law, no statute is needed.

The township is under a continuing obligation to keep the highway in repair. Where a road runs north and south on a township line, the north half is assigned for construction and repairs to the township on the west side of the line, and the south half is assigned for construction and repairs to the township on the east side, to be under the control of, and kept in order by, the township trustees of the townships to which it is assigned. §6848 Burns 1894, §5090h Horner 1897. However an injury to a highway be occasioned, it devolves upon the trustee to cause needed repairs; it is to be "kept in order" by him. Certainly, the township has such an interest in the keeping of the road in repair that, whether or not it can properly be said to have a prop-

erty right in the highway, it is the legal protector of the public easement, and it suffers a pecuniary loss through the wrongful injury of the road which necessitates an expenditure of money for repairs, and damages so sustained by the township it may recover from the wrongdoer.  See Elliott's Roads and Streets, §§442, 720;  *Town of Centerville* v. *Woods,* 57 Ind. 192.  The right of action has accrued when the injury has been consummated; the amount of damages may be estimated, being the amount which has been or will be expended necessarily in making the repairs.  *Town of Troy* v. *Cheshire R. Co.,* 23 N. H. 83, 55 Am. Dec. 177. See, also, *St. Louis, etc., R. Co.* v. *Town of Summit,* 3 Ill. App. 155.

Counsel urge the objections above noticed under both of the grounds assigned in the demurrer.  The statutory ground of demurrer, "that the plaintiff has not legal capacity to sue," has reference to some legal disability of the plaintiff, as infancy or idiocy, and not to the failure of the complaint to show a cause of action in the plaintiff, which is presented by the assignment of the cause, "that the complaint does not state facts sufficient to constitute a cause of action."  *Pence* v. *Aughe,* 101 Ind. 317;  *Campbell* v. *Campbell,* 121 Ind. 178.

It is further objected that it is not charged that the fire escaped or spread from the right of way to the adjoining lands by means or through the medium of the combustible matter upon the right of way.  The complaint shows that the appellant negligently permitted dry grass, etc., to accumulate and remain on the right of way; that the peaty soil of the right of way and the adjoining lands and the highway were dry and combustible through drought, that the appellant by means of fire from its passing engine set fire to and ignited the combustibles on the right of way, and that the fire thus set out, through appellant's negligence, spread and communicated to the peaty surface soil, and through the appellant's negligence escaped from the right of way to

the peaty lands adjoining, and through the appellant's negligence escaped to and communicated with and ignited the roadway, etc.

We think the complaint sufficiently shows that the injury to the roadway, bridge, and culverts was the result of the appellant's negligence as its proximate cause. The fire is not charged to have been set directly to the roadway, bridge, and culverts, but to have been set upon the right of way in combustible matter negligently permitted to be there, and to have escaped from the right of way through the appellant's negligence. The appellant would be liable whether the fire, which it negligently permitted to escape from its right of way, passed from the right of way wholly through the medium of the combustible matter upon the right of way, or through the medium of the burning peaty surface soil ignited from the combustible matter so set on fire upon the right of way, or through both these causes acting together. The dry peaty surface soil was continuous from the place where the burning rubbish lay to the roadway, bridge, and culverts, and the setting fire to the peat constituting the surface of the right of way was the cause of the burning of the roadway, bridge, and culverts as a proximate effect. If the peaty surface of the right of way was set on fire by the appellant, it was bound not to permit it to spread beyond the right of way to the roadway, through its negligence, whether at the place where it passed from the right of way the fire was burning in rubbish or in peaty soil; and if the appellant set fire to the dry grass and other combustibles which it had negligently suffered to be and remain on its right of way, and the appellant negligently permitted such fire to escape to the adjoining land, and the road, and to destroy the roadway and bridge and culverts, the appellant would be liable, whether the fire was negligently started or not, if no contributory negligence chargeable to the plaintiff existed. *Indiana, etc., R. Co.* v. *Overman,* 110 Ind. 538;

*Louisville, etc., R. Co.* v. *Hart,* 119 Ind. 273, 4. L. R. A.
549; *Chicago, etc., R. Co.* v. *Burger,* 124 Ind. 275; *Indiana,
etc., R. Co.* v. *McBroom,* 91 Ind. 111; *Pittsburgh, etc., R.
Co.* v. *Jones,* 86 Ind. 496, 44 Am. Rep. 334; *Indiana, etc.,
R. Co.* v. *Adamson,* 90 Ind. 60; *Louisville, etc., R. Co.* v.
*Ehlert,* 87 Ind. 339; *Louisville, etc., R. Co.* v. *Nitsche,* 126
Ind. 229, 232, 9 L. R. A. 750, 22 Am. St. 582; *Louisville,
etc., R. Co.* v. *Palmer,* 13 Ind. App. 161; *Louisville, etc.,
R. Co.* v. *Roberts,* 13 Ind. App. 692; *Chicago, etc., R. Co.*
v. *Daily,* 18 Ind. App. 308.

The appellant's motion for a new trial was overruled.
The only matter connected with the question as to the suffi-
ciency of the evidence, not covered by what has been said
in passing upon the complaint, which needs particular no-
tice is the claim of the appellant that there was not sufficient
proof of the absence of contributory negligence. It is said
by counsel for the appellant that the only evidence on this
subject was that the township trustee was without fault, and
that there was no evidence that the road supervisor of the
district was without fault; and it is claimed that if the super-
visor could have prevented the injury complained of, it was
his duty to do so. There was evidence from which the jury
might have found that the supervisor resided a mile and
one-fourth, or a mile and one-half, from the place of the
fire, and was not in the vicinity of the fire when it was set
or before the peaty soil began to burn; and it was agreed by
the parties upon the trial that after the fire got into the peat
it could not be put out.

The rule applicable, as between a railroad company and
an individual proprietor, whereby the latter is bound to
exercise reasonable and ordinary care and diligence to pre-
vent the destruction of his property by fire negligently per-
mitted by the former to escape from its right of way, by
taking precautionary or preventive measures, can not be ap-
plied as between the railroad company and a township. To
hold otherwise would, in effect, be to attribute contributory

negligence to the State, because of the non-action of its officials charged with supervisory duties in the construction and repair of roads for the use of the general public. The ownership of the highway as such, the public easement, is in the State, and the township is a governmental corporation of very limited powers, through which the State operates for the construction and repair of the highway. The township trustee and the road supervisor are public officers. They have no private right or interest in the highway. The duties enjoined upon them by law with reference to the highway are duties which they owe to the public as its officers. Their duties are supervisory in their nature. They are not bound as officers to perform manual labor in the maintenance of the highways. The township can not be regarded as bound, as between it and the creators of nuisances, to be on guard through its officers, few in number, with limited statutory duty and authority, for the purpose of protecting all the public roads of the township against wrongdoers, who through the negligent use of their own property injure the public highway. The township is a political subdivision of the territory of the State. It is organized by the State as a body politic and corporate composed of its inhabitants for the convenient exercise of portions of the sovereign power. It is a mere agency of government, with limited powers and duties. The organization is involuntary, and the duties and liabilities of the corporation are statutory. The officers of the corporation are special public agents. The *quasi* municipal corporation would not be responsible for the failure of its private citizens to put out the fire negligently caused by the railroad company. If responsible at all, it would be for the failure of its officers representing it as agents; but the doctrine of *respondeat superior*, applicable to the relation of principal and agent, does not prevail against the sovereign in the necessary employment of public agents for public purposes. *Clodfelter* v. *State*, 86 N. C. 51, 41 Am. Rep. 440.

Where subdivisions of the State are thus organized by general law for public purposes alone, no action lies against them for an injury suffered by a person through negligence of the officers of the *quasi* municipal corporation, unless given expressly by statute. Such subdivisions as counties, townships, and school corporations are instrumentalities of government and exercise authority given by the State, and are no more liable for the acts or omissions of their officers than the State. *Freel* v. *School City*, 142 Ind. 27, 37 L. R. A. 301.

In *Union Civil Tp.* v. *Berryman*, 3 Ind. App. 344, 349, it was said: "We cannot agree that the officers to whom is committed the governmental function of improving the highways and providing the means therefor act therein as the servants of the township discharging a ministerial duty imposed on it by law, in such a sense that for their acts or negligence in that behalf the maxim *respondeat superior* may be invoked against the township." See, also, *Park* v. *Board, etc.*, 3 Ind. App. 536, 540. The township officer acts as such, or abstains from official action, or fails to perform his official duty, upon his own responsibility as an officer.

In a case where a plaintiff is precluded from recovery by reason of contributory negligence, the care to which the plaintiff is bound is reasonable and ordinary care under the circumstances of the case. To apply such a rule to a township as to a private owner would impose upon it an obligation which it has no efficient means of discharging, and would make it, in effect, a participant in the wrongful destruction of the highway, and place it under obligation to restore it at its own expense because of the non-action of its officers. Such officers are not under the control of the township, but are independent of it, and it is not chargeable with their negligence. Therefore, if the township suffers by the combined negligence of such public officer and a third person, the negligence of the officer can not be imputed to the township.

If it can be said that in failing to prevent the burning, through the negligence of the railroad company, the officers of the township violated any duty, it would be the neglect of a public duty, and the most that could be said would be that the injury was caused by the negligence of the railroad company and the failure of public officers to perform their duty as such to the public.

Counsel for the appellant by their discussion of the instructions given and those refused suggest the question whether in such an action the negligence of the defendant in suffering the escape of fire from its right of way may, as a matter of evidence, be established by proof of the setting fire, by means of sparks and coals of fire dropped or cast by its locomotive to dry and combustible grass and other rubbish, negligently suffered to be and accumulate and remain upon its right of way, under such conditions that by the natural course and progress of the fire, without human intervention or extraordinary occurrence, the fire so set spreads of itself to and beyond the border of the right of way and to the property of the plaintiff, himself free from fault, without any proof of negligence of the defendant in failing to prevent the escape of the fire from the right of way by way of acts or omissions referable to the time of the passage of the fire from the right of way, or proof of negligent acts or omissions of the defendant other than its negligence in suffering the combustible matter to remain on the right of way under such conditions.

We are of the opinion that as a matter of evidence the defendant's actionable negligence may be so shown. If the combustible material on the track be set on fire by the railroad company, under such circumstances that in the natural course of things it might be expected to pass and does pass beyond the right of way, the passing from the right of way is referable to the negligent suffering of such material to be so situated that in the operation of its trains, whether negligently or otherwise, it is caused to take fire and burn

and spread abroad in its natural way. In such case the negligence in suffering the combustible matter to be and remain on the right of way, while the railroad is being operated, is the proximate cause of the injury. *Pittsburgh, etc., R. Co. v. Indiana Horseshoe Co.*, 154 Ind. 322; *Indiana, etc., R. Co. v. Overman*, 110 Ind. 538; *Louisville, etc., R. Co. v. Hart*, 119 Ind. 273, 4 L. R. A. 549; *Terre Haute, etc., R. Co. v. Walsh*, 11 Ind. App. 13; *Chicago, etc., R. Co. v. Bailey*, 19 Ind. App. 163; *Cleveland, etc., R. Co. v. Hadley*, 12 Ind. App. 516.

We find no sufficient reason for further discussion.

Judgment affirmed.