## TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* REEVES, ADMINISTRATOR.

[No. 9,123.    Filed March 25, 1915.]

1. APPEAL.—*Time for Perfecting.—Extension of Time.*—Where the overruling of the motion for new trial follows the rendering of judgment, the overruling of the motion marks the beginning of the time limited for appeal by §672 Burns 1914, Acts 1913 p. 65, providing that appeals must be taken within one hundred and eighty days "from the time the judgment is rendered".    p. 328.

2. APPEAL.—*Failure to Perfect in Time.—Motion to Dismiss.— Showing of Legal Disability.*—On motion to dismiss an appeal for failure to perfect same within the time prescribed by §672 Burns 1914, Acts 1913 p. 65, where appellant relies upon the proviso of the statute which extends the time in case the appellant is under legal disability, proper practice requires that appellant should present the facts constituting such legal disability by way of a verified answer to the motion.    p. 329.

3. WORDS AND PHRASES.—*"Legal Disabilities".—Statutory Definition.*—The statutory definition of persons under "legal disabilities", is generally held to include only the classes named, that is persons within the age of twenty-one years, or of unsound mind, or imprisoned in the State prison, or out of the United States, and has reference to personal incapacity and not to the cause of action of a party or his relation to it.    p. 329.

4. APPEAL.—*Disability to File Appeal.—Death of Judgment Plaintiff.—"Legal Disabilities".*—Where, following the overruling of a motion for new trial and the filing of a bond and bill of exceptions preparatory to appeal, the judgment plaintiff died, the

defendant railroad company, having the full right to prosecute and defend actions, appeal cases, etc., and being subject to no restraining power or inhibitory statute, was not thereby placed under legal disabilities within the meaning of §672 Burns 1914, Acts 1913 p. 65, fixing the time for appeal, since if the right of appeal was thereby placed in abeyance until the appointment of an administrator could be had, such abeyance related to the cause of action and not to defendant's capacity. p. 331.

5. APPEAL.—*Disability to File Appeal.—Death of Judgment Plaintiff.—Statutes.*—The disability to appellant resulting through the death of the judgment plaintiff pending the perfection of an appeal, to proceed with the appeal until after the appointment of an administrator, even if a "legal disability" within the meaning of the proviso to §672 Burns 1914, Acts 1913 p. 65, extending the time of appeal where appellant is under a legal disability, could not continue longer than the twenty-one day period provided by §2742 Burns 1914, Acts 1901 p. 281, relating to the appointment of administrators, since after such period, if no administrator had been appointed, the appellant could have procured the appointment of one. p. 331.

6. APPEAL.—*Disability to File Appeal.—Death of Judgment Plaintiff.—Statutes.*—The disability to appellant resulting through the death of the judgment plaintiff after rendition of the judgment and pending the perfection of appeal, to further proceed with the appeal until the appointment of an administrator could be had, did not bring appellant within the proviso to §672 Burns 1914, Acts 1913 p. 65, limiting the time for appeal and providing that in case appellant is under legal disability at the time the judgment is rendered he may appeal within the prescribed time after the disability is removed, since, if the disability were otherwise within the meaning of the proviso, it was not one existing at the time the judgment was rendered. p. 332.

From Rush Circuit Court; *John D. Magee,* Judge.

Action by Sarah E. Barrett against the Terre Haute, Indianapolis and Eastern Traction Company. Following judgment for plaintiff, the plaintiff died and the defendant prosecutes this appeal against Robert Reeves, administrator of the estate of plaintiff. *Appeal dismissed.*

*W. H. Latta,* for appellant.

*Wm. A. Hough* and *Samuel J. Offutt,* for appellee.

CALDWELL, P. J.—Appellee has filed a motion to dismiss this appeal. The facts alleged as a basis for the motion are

sustained by the record, and are as follows: The judgment was rendered June 7, 1913. The motion for a new trial was overruled November 6, 1913. The transcript was filed in the office of the clerk of this court, and errors assigned thereon November 6, 1914. The statute that governs is as follows: "Appeals in all cases hereafter tried must be taken within one hundred and eighty (180) days from the time the judgment is rendered.  *  *  *  Where the appellant is under legal disabilities at the time the judgment is rendered, he may have an appeal at any time within one hundred and eighty (180) days after the disability is removed." Acts 1913 p. 65, §672 Burns 1914.

Where, as here, the ruling on the motion for a new trial is subsequent to the rendering of the judgment, such ruling is the final action of the trial court that marks the beginning of the time limited for appeal. *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92, 4 N. E. 419. Appellant contends in its brief that it was under legal disability at the time named in and within the meaning of such statute, and that such disability was not removed until November 5, 1914, and that, therefore, the extended period provided by such statute is available. The facts on which appellant bases such contention, as gathered from its brief, are as follows: At the time of the ruling on the motion for a new trial, November 6, 1913, thirty days were given within which to file an appeal bond, and ninety days within which to file the general bill of exceptions. These steps were taken within the respective times given, but the judgment plaintiff died intestate, November 13, 1913. Appellant, citing *Branham* v. *Johnson* (1878), 62 Ind. 259, argues that from November 13, 1913, to the time when appellee was appointed administrator, being on November 5, 1914, aforesaid, there was no person who could have been named as an adversary party on appeal, and hence until the last named date, appellant was under legal disability within the meaning of the statute. The facts disclosed by the motion require the dis-

missal of this appeal, unless appellant was under such legal disability.

The practice applicable to a situation such as is presented here, seems to require that an appellant, in order that he may avoid the force of the facts contained in the motion, bring to the attention of the court by a verified answer the facts constituting such legal disability. Ewbank's Manual §109; *Benton* v. *Hooper* (1877), 59 Ind. 589; *Day* v. *School City, etc.* (1881), 78 Ind. 280. Here, however, since the record discloses the facts, and as they are set out in appellant's brief, we proceed to determine the question of such alleged legal disability.

The statute defines the term "under legal disabilities" as follows: "The phrase 'under legal disabilities' includes persons within the age of twenty-one years, or of unsound mind, or imprisoned in the state prison, or out of the United States". §1356 Burns 1914, §1285 R. S. 1881. The statutory definition is that the phrase "under legal disabilities" includes certain classes named. Literally interpreted, it is silent as to whether other classes are excluded. An investigation, however, will disclose that the courts, under such definition, have treated the phrase as including only the classes named. *Smith* v. *Bryan* (1881), 74 Ind. 515; *Rosa* v. *Prather* (1885), 103 Ind. 191; 2 N. E. 575; *King* v. *Carmichael* (1893), 136 Ind. 20, 35 N. E. 509, 43 Am. St. 303; *Vauman* v. *Grubbs* (1866), 26 Ind. 419; *Makepeace* v. *Bronnenberg* (1896), 146 Ind. 243, 45 N. E. 336. We know of no decision extending the meaning of the term except in cases where by reason of a statute a disability to do a specific thing is created; as a statute prohibiting a married woman from contracting as surety. In *Makepeace* v. *Bronnenberg, supra,* it is held that an habitual drunkard, under guardianship, as such, is not under legal disability within the meaning of the statute, the court saying: "By section 1309 Burns R. S. 1894 (1285 R. S. 1881), the legislature defined the phrase 'under legal disabilities' as includ-

ing infants * * *. Habitual drunkards are not embraced or included within this provision of the statute." Disability is defined in 14 Cyc. 293, as follows: "The want of legal capacity to do a thing; * * * the absence of legal ability to do certain acts or enjoy certain benefits; such as disability to sue." Among the causes for which a demurrer may be filed to a complaint is "that the plaintiff has not legal capacity to sue." §344 Burns 1914, Acts 1911 p. 415. Under this statute, it is uniformly held that the want of capacity to sue means the existence of some legal disability by reason of which the party is not authorized to maintain a suit, and as examples of such disability the courts refer to those mentioned in §1356 Burns 1914, *supra.* See *Pittsburgh, etc., R. Co.* v. *Idding* (1902), 28 Ind. App. 504, 62 N. E. 112; *Pence* v. *Aughe* (1885), 101 Ind. 317; *Board, etc.,* v. *Kimberlin* (1886), 108 Ind. 449, 452, 9 N. E. 407.

In the case last cited, where the party plaintiff was a board of county commissioners, the court in meeting the objection that plaintiff did not have legal capacity to sue, uses this language: "it will not do to say, we think, that such a board has not legal capacity to sue, or to bring and maintain any suit or action, in its corporate name, for the enforcement of any cause of action it may have against any party or person, in any court of competent jurisdiction." A clear discussion of the term "legal disability" is contained in *Meeks* v. *Bassault* (1874), 16 Fed. Cas. 1314, 1317, as follows: "The disability may relate to the power to contract or bring suit; it may arise out of the want of sufficient understanding, as idiocy, lunacy, infancy; or, want of freedom of will, as in case of married women, and persons under duress, or out of the policy of the law, as alienage when the alien is an enemy, outlawry, attainder, praemunire, and the like. The disability is something pertaining to the person of the party—a personal incapacity—and not to the cause of action or his relation to it. There must be a present right of action in the person, but some want of capacity to

NOVEMBER TERM, 1914.        331 .

Terre Haute, etc., Traction Co. *v.* Reeves—58 Ind. App. 326.

suc.'' The foregoing quotation is perhaps somewhat more comprehensive than our statutory definition, but it is in harmony with the spirit of our decisions.

In the case at bar, there is nothing to indicate that within any part of the period of time involved, appellant was the victim of any personal incapacity. It had the full right in proper cases to prosecute and defend actions, appeal cases, etc. It was not subject to any restraining power, or inhibited from proceeding by any statute. If, as argued by appellant, the right to appeal or to proceed with the appeal was in abeyance in this action between the time of the death of the judgment plaintiff and the appointing of an administrator of her estate, such abeyance related to the cause of action, rather than to the capacity or ability of appellant. It had the legal capacity and ability to appeal cases, even though it be correct, as contended by appellant, that there was something in the status or condition of the particular case that for the time being prevented action. In our judgment, the appellant was not under legal disability within the meaning of §672 Burns 1914, *supra.* Moreover, if the death of the judgment plaintiff at the stage of the proceedings indicated, constituted a legal barrier to further prosecution of the appeal until the appointment of an administrator, then it is provided that if no person belonging to the special classes enumerated by the statute as eligible to appointment shall apply for letters of administration within twenty days after the death of the intestate, ''the clerk or court shall appoint a competent inhabitant of the county to whom letters shall issue.'' §2742 Burns 1914, Acts 1901 p. 281. Under this statute, it is expressly held that a debtor of the estate may procure the appointment of an administrator. Of such a debtor, the court said: ''Having the power to act, he was not restrained. Supineness is not legal restrain.'' *Gale* v. *Corey* (1887), 112 Ind. 39, 13 N. E. 108, 14 N. E. 362. It follows that even if it should be conceded that the

332    APPELLATE COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Reeves—58 Ind. App. 326.

death of the judgment plaintiff, November 13, 1913, placed appellant under legal disability within the meaning of that term, as used in §672, *supra,* it could not consistently be contended that such disability continued beyond the twenty-day period, at the expiration of which it was within the power of appellant to relieve itself of such disability. That it eventually came to the knowledge of appellant that it was authorized to procure the appointment of an administrator, appears in that the record discloses that appellee was in fact appointed as such administrator on the motion of appellant.

It may further be said that by the terms of said §672, *supra,* it is only in cases "where the appellant is under legal disabilities at the time the judgment is rendered" that the extension of time granted by such section becomes available. The judgment plaintiff did not die until seven days after the ruling on the motion for a new trial. There was then a period of one week after the final action of the trial court during which appellant was not under legal disability within its own construction of such term. It is not a question of whether such period was sufficient in length to be effective for appellant's purposes, but rather whether under such circumstances appellant's situation comes within the terms of the statute. Section 298 Burns 1914, §296 R. S. 1881, being a part of the general statute of limitations, provides: "Any person being under legal disabilities when the cause of action accrues may bring his action within two years after the disability is removed." It is uniformly held that in order that a legal disability may be available under this section, it must exist at the time the cause of action accrues, and that a disability subsequently arising is not effective to that end. *Kistler* v. *Hereth* (1881), 75 Ind. 177, 39 Am. Rep. 131; 1 Works' Practice §273; 25 Cyc. 1267; Buswell, Limitations §103.

It is to be regretted that, at times, records come before us in such condition that questions embraced therein can not

Penn, etc., Glass Co. *v.* De La Vergne Mach. Co.—58 Ind. App. 333.

be determined on their merits. In this case, we are compelled to the conclusion that it is our duty, under well-established rules of practice, to sustain the motion. Motion sustained and appeal dismissed.

NOTE.—Reported in 108 N. E. 275. See, also, under (1) 2 Cyc. 793; (2) 3 Cyc. 1913 Anno. 196–new; (4) 2 Cyc. 792; (5) 2 Cyc. 777; (6) 2 Cyc. 792.