KRETZER ET AL. v. GROSS, ADMINISTRATOR, ET AL.

[No. 23,437. Filed October 5, 1920.]

1. STATUTES.—*Re-enactment in Part.*—*Repeal.*—*Wills.*—*Limitation of Actions.*—Section 3154 Burns 1914, Acts 1911 p. 325, limiting to three years the time for bringing an action to contest a will, does not repeal §3159 Burns 1914, §2601 R. S. 1881, giving to infants, absentees and persons of unsound mind until two years after their disabilities are removed to contest a will, since the act of 1911, except the proviso added thereto, is merely a re-enactment of §39 of the original act of which §3159 is a part, and shows no purpose to repeal. p. 456.

2. WILLS.—*Limitation of Actions.*—*Accrual of Right as to Ancestor.*—*Effect on Successors.*—*Will Contest.*—Where a right to contest a will accrued to one who, though under no disabilities, allowed two and a half years to elapse from the time of the probate of the will, the subsequent inheritance, upon her death, of the right of action by her infant children did not suspend the running of the three-year statute of limitations, but such infants, notwithstanding §3159 Burns 1914, §2601 R. S. 1881, were barred at the expiration of the three years within which the mother might have commenced action, had she lived. p. 457.

From Marion Probate Court (827); *Mahlon E. Bash*, Judge.

Action by Frank Kretzer and others against Edwin R. Gross, administrator, and others. From a judgment for the defendants, the plaintiffs appeal. (Transferred from the Appellate Court for want of jurisdiction, under §1429 Burns 1914, Acts 1907 p. 29.) *Affirmed.*

*James M. Leathers*, for appellants.
*Means & Buenting*, for appellees.

EWBANK, J.—A complaint to contest the will of Herman Didlein was filed on April 3, 1914, alleging that his will was admitted to probate on September 20,

1910, that one of his daughters died thereafter, on April 13, 1913, and that among her children who survived her were the appellants, who then ,and continuously until the time of beginning · this action were infants within the age of twenty-one years.

A demurrer was filed to this complaint on the ground that it does not state facts sufficient to constitute a cause of action, for the alleged reason that the suit was not brought within three years after the will was probated, although no disability interfered to prevent bringing it until more than two years and a half had elapsed thereafter. This demurrer was sustained, and the. appellant excepted, and has assigned the said ruling as error.

The question presented for decision is whether, where a right of action to contest a will has accrued and has become vested in a person not under any legal disability, and such person thereafter dies, leaving infant children to .whom the right of action descends by inheritance, their infancy and consequent disability extends or enlarges the statutory period of three years allowed for contesting a will?

Counsel for appellees urge that §47 of the statute (2 R. S. 1852 p. 308, §2601 R. S. 1881) relating to the making, revocation, probate and contest

1. of wills, which gives to infants and persons absent from the state or of unsound mind two years after their disabilities are removed to contest the validity or due execution of a will (§3159 Burns 1914), has no application, because Acts 1911 p. 325, §3154 Burns 1914, which was enacted long after the statute of 1852, purports to be an independent act, and does not declare a purpose to amend the earlier statute. But a comparison of said act with the statute

of which said section granting to persons under certain disabilities (2 R. S. 1852 p. 308) an extension of time in which to bring such an action, discloses that it is an exact copy of §39 of that statute (§2596 R. S. 1881), with the addition of a proviso relating to the contest of wills in which the State of Indiana or some officer or department thereof on its behalf is made a beneficiary. The latter act does not suggest any purpose to repeal anything, and we do not think that the re-enactment of what was originally §39 of the statute of 1852, with the addition of a proviso, can be deemed a repeal of §47 of that statute.

It is next urged that, since a right of action to contest the will accrued to the mother of these plaintiffs, who was under no disabilities at the time of the testators' death, and the three-year statute of limitations ran against her from September 20, 1910, when the will was probated, until her death on April 13, 1913—a period of more than two and one-half years—the subsequent inheritance of her right of action by infants did not suspend the running of the statute, but such infants are barred at the expiration of the three years within which their mother might have begun her action, if she had lived. This contention is supported by the authorities, and must be upheld. Citing decisions of the courts of the United States, Canada, England, and more than twenty states of the Union, a standard text-book declares the law as follows: "If there are successive owners of a cause (of action), or of equitable relief, and the right to prosecute arises in the time of the first, the period of limitation commences at that time and continues attached to the demand during the successive changes without regard to the disability of any of the successors. If the right or cause accrues to the ancestor

and the statute commences to run against him, the disabilities of those to whom his right passes at his death will not interrupt the running of the statute." 25 Cyc 1268, 1269.

"The rule in such case is that where it is incumbent on the plaintiff to show that he or she labored under any disability, it must be shown to be a continuing disability from the first, and that when the statute has once begun to run no subsequent disability will impede it." *Walker* v. *Hill* (1887), 111 Ind. 223, 237, 12 N. E. 387, 394.

Where the plaintiff had been confined in prison almost one year of the period that intervened between the time when his cause of action accrued and the time when his suit was commenced, the court said: "The statute of limitations began to run against his alleged cause of action from the time it accrued, and had run for two weeks, as shown by the reply, before his arrest and imprisonment. In such a case, the general rule is that, when the time mentioned in the statute has once begun to run, no disability subsequently arising will arrest its progress." *Kistler* v. *Hereth* (1881), 75 Ind. 177, 180, 39 Am. Rep. 131; *Terre Haute, etc., Traction Co.* v. *Reeves* (1915), 58 Ind. App. 326, 332, 108 N. E. 275.

It is true that there are some statutory exceptions to the rule so declared as applied to facts not now before the court. But, as bearing on the facts alleged. in the complaint now under consideration, the three-year statute limiting the time within which the mother of plaintiffs might have brought an action to contest her ancestor's will, if she had survived, also determined the limit of time within which her minor children could do so after her death.

The judgment is affirmed.