FARMERS' BANK & TRUST COMPANY OF KNOX, INDIANA
ET AL. *v.* STARKE COUNTY TRUST &
SAVINGS BANK, ET AL.

[No. 14,718.   Filed February 17, 1933.]

*James C. Fletcher, Oscar B. Smith, Charles H. Peters* and *John J. Dwyer,* for appellants.

*Orville W. Nichols,* for appellee.

CURTIS, C. J.—The appellee, as executor of the estate of Che Mah, deceased, filed a petition in one paragraph in the Starke Circuit Court in the estate of Frankie Mah, deceased, sometimes known as Frankie Junior or Frankie Jehune Mah, who was the son of Che Mah, to have the assets of said last named estate transferred to the estate of Che Mah. At the time the petition was filed the Starke County Trust & Savings Bank was acting as the executor of the first mentioned estate and also as administrator of the estate last mentioned. Later in the proceedings it filed its final report as such administrator of the estate of Frankie Mah and resigned from said trust, which final report was approved by the court and the resignation accepted and the court then named the Farmers Bank & Trust Company of Knox, Indiana, as administrator de bonis non of said estate.

To the petition of the appellee, the appellant, Louisa Coleman Che Mah Dunn, the mother of Frankie Mah, filed an answer of general denial after first having filed a petition to be made a party which the court granted. Frances Burkhart, who is the widow of Frankie Mah, having a petition pending in said estate, also filed an answer of general denial to the appellee's petition. The Starke County Trust & Savings Bank, as administrator

of Frankie Mah's estate, likewise filed an answer of general denial to the said petition.

The cause was submitted to the court upon the issues thus made. Upon proper request the court made a special finding of facts and stated its conclusions of law thereon, which were favorable to the appellee. On the same day, to-wit: June 27, 1931, the court rendered its judgment in accordance with the conclusions of law. Before the judgment was rendered, the appellants, Louisa Coleman Che Mah Dunn and Frances Burkhart, each filed separate requests to the court to find additional facts, which requests were each overruled and exceptions taken. Motions for a new trial were filed by each appellant and, on the 8th day of January, 1932, each of said motions for new trial was overruled and exceptions duly taken to said ruling of the court and each appellant then prayed an appeal to this court. The three motions for a new trial were identical except as to names. They are lengthy and no good purpose would be served in setting them out herein. The assignment of errors contains eight separate alleged errors. The errors relied upon for reversal are identical with those contained in the assignment of error. On account of the conclusions we have reached it is not necessary to state what the errors assigned and relied upon are.

The appellee has filed a motion to dismiss this appeal based upon the fact that the judgment was rendered on June 27, 1931; the several motions for a new trial overruled on January 8, 1932, and the transcript and the assignment of errors filed in this court on July 8, 1932, asserting in said motion that the transcript and assignment of errors were filed in this court more than 180 days, to-wit: 182 days, after the trial court overruled the motions for a new trial. The appellee's contention is fully borne out by the record. The appellants, in their briefs, set forth exactly the same dates as the date of the

judgment, overruling of the motions for a new trial and the filing of the transcript and assignment of errors in this court, as are set forth in the motion to dismiss. In the answer filed by the appellants to the motion they do not challenge any date except to say that the motions for a new trial were overruled on January 9, 1932. The record and their own briefs are against them as to the date and conclusively show the date to be January 8th instead of January 9th, 1932, but it would not avail them anything if the date had been the 9th of January, as the record would then show that the appeal came one day late.

The longest period of time for taking an appeal in a civil case is 180 days from either the time when the judgment is rendered, or the time when the motion for a new trial is overruled where such motion is filed after the judgment is rendered, unless the appellant is under legal disability. See §696 Burns' R. S. 1926. The appellant has made no showing of any legal disability in the instant case. There is a long line of unbroken decisions to the effect that if an appeal is taken too late it must be dismissed. We cite but a few of them. See *Buntin* v. *Hooper et al.* (1877), 59 Ind. 589; *Miller, Administrator,* v. *Carmichael* (1884), 98 Ind. 236, and cases cited therein; *Terre Haute, Indianapolis & Eastern Traction Company* v. *Reeves, Administrator,* (1915) 58 Ind. App. 326, 108 N. E. 275, 276; see also Ewbank's Manual of Practice, §§199 to 201, also §224.

The motion to dismiss is not verified, but, under Rule 12 of this Court and under the authorities, the motion need not be verified where it is founded upon a matter of fact apparent on the record as in the instant case. Said Rule 12 is as follows: "When a motion or petition is founded on a matter of fact which is not admitted or apparent on the record, it must be supported by affidavit." The bar arises in this case upon

the lapse of time apparent on the record itself. We take judicial notice of the fact that if a final judment is rendered on June 27, 1931, and the motion for a new trial is overruled on January 8, 1932, and the transcript and assignment of error are filed in this court on July 8, 1932, that the appeal has not been taken within the 180 days provided by law. The elapsed time includes 23 days left in January, 29 days in February (Leap Year), 31 in March, 30 in April, 31 in May, 30 in June and 8 in July, making a total of 182 days. While the authorities uniformly hold that the failure to perfect the appeal in time makes dismissal imperative, yet a case can be made, under strong and clear exceptional circumstances, excusing the delay, but such exceptional circumstances are indeed rare. There is certainly no such showing in the case at bar. For the reasons stated the motion to dismiss the appeal is sustained.

Appeal dismissed.