Ronald MASON, Incompetent By and Through
The Arkansas Bank and Trust Company,
Guardian of His Estate *v.*
Jim M. SORRELL

76-60                                               551 S.W. 2d 184

Opinion delivered June 21, 1976

*Evans, Farrar, Patterson & Farrar,* for appellants.

*Laser, Sharp, Haley, Young & Boswell, P.A.,* for appellee.

CONLEY BYRD, Justice. Because appellant Ronald Mason, incompetent, had a guardian of his estate appointed prior to the date of his injuries, allegedly caused by appellee Jim M. Sorrell on January 10, 1972, the trial court by summary judgment held that his action for personal injuries filed by his guardian, The Arkansas Bank & Trust Company, on April 7, 1975, was barred by the three-year statute of limitations, Ark. Stat. Ann. § 37-206 (Repl. 1962). To sustain the action of the court, appellee contends that appellant is not entitled to the savings clause in Ark. Stat. Ann. § 37-226 (Repl. 1962), which provides:

> "If any person entitled to bring any action, under any law of this state, be, at the time of the accrual of the cause of action, under twenty-one [21] years of age, or insane or imprisoned beyond the limits of the state, such person shall be at liberty to bring such action within three [3] years next after full age, or such disability may be removed."

To avoid the effect of the savings clause, appellee relies upon such cases as *Johnson* v. *Pilot Life Insurance Co.*, 217 N.C. 139, 7 S.E. 2d 475 (1940) and *Dignan* v. *Nelson*, 26 Utah 186, 72 P. 936 (1903) and contends as follows:

> "Appellee respectfully submits that a review of the case law applicable to the running of the statute of limitations in cases involving incompetents will readily reveal that the Trial Court's decision was eminently correct. It seems clear that the cases hold that where a cause of action accrues prior to appointment of a guardian the mere fact that a guardian is subsequently appointed will not toll the running of the statute. On the other hand, the cases just as uniformly hold that where there is a guardian already appointed at the time the cause of action accrues and where the guardian has the authority to prosecute the action, the statute begins to run both as to the guardian and the incompetent at the time the cause of action so accrues."

The general rule with respect to savings clauses in favor of infants and incompetents is set forth in 54 C.J.S. *Limitations of Actions* § 235 (1948), as follows:

> "As a general rule under the various statutes limitations do not run against infants during their minority. The exemptions ordinarily granted to infants, however, do not rest on any fundamental doctrine of the law, but on the legislative will expressed in the statutes; infants may be put on the same footing as adults in this respect, and unless excepted they so stand. In many jurisdictions, by express statutory enactment, or by judicial construction, where the statute excepts persons laboring under disabilities from its operation, even if not mentioning infants specifically, infants are within the saving clause of the statute, if it is purely a statute of limitation, affecting the remedy and not the right, and the statute does not run against them during such disability, even where such infant has a guardian or trustee who might maintain the action in the infant's name, provided the title or right of action is in the infant. Where the title or right of action vests in a personal representative, guardian, or trustee, who is under no legal disability, it has been held that the statute of

limitations begins to run notwithstanding the minority of the beneficiary, and, as discussed supra § 19, where the former is barred by the statute the latter is likewise barred, although there are also authorities holding that a minor may sue within the statutory period after attaining his majority, even where the representative or turstee is barred by the statute. Likewise, where a minor is seeking to toll the statute of limitations, his interest must be such as will enable him to maintain an action in his own name, and, where a suit is a purely derivative one, infancy of plaintiff does not except him from the bar of the statute of limitations."

The majority rule as above stated is recognized in *Johnson* v. *Pilot Life Insurance Co., supra,* but it is there stated that "a different rule obtains in North Carolina" apparently because of the statutory duties and obligations owed by the guardian to the ward.

The result reached in *Dignan* v. *Nelson, supra,* arises because of the provisions of the Utah statute which gives possession of lands of an intestate to the personal representative. The court there held that since the statute started running against the administrator it continued to run against the infant.

We can find nothing in our guardian and ward statute that would require us to follow the minority view expressed in the cases cited by appellee when construing the savings clause set forth in Ark. Stat. Ann. § 37-226, *supra.* Of course, the rule with respect to infants under Ark. Stat. Ann. § 37-226 is equally applicable to incompetents.

It follows that the judgment must be reversed and remanded.