**Josephine MORGEL, Edmund Morgel, Individually and as husband and wife, George Morgel, Jocelyn Morgel, Thomas Morgel and Carolyn Morgel, minor children and Kermit A. Mahlum, as guardian ad litem for George Morgel, Jocelyn Morgel, Thomas Morgel and Carolyn Morgel, minor children, Plaintiffs and Appellants,**

v.

**James WINGER and Winger Cheese, Inc., a North Dakota Corporation, Defendants and Appellees.**

Civ. No. 9708.

Supreme Court of North Dakota.

March 20, 1980.

Jeffrey J. Peterson, Bowbells, and Forsgren & Stefonowicz, Crosby, of counsel, for plaintiffs and appellants; argued by Jeffrey J. Peterson, Bowbells.

McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellee James Winger.

Anderson, Tossett & Dobrovolny, Minot, for defendant and appellee Winger Cheese, Inc.; argued by Andrew R. Tossett, Minot.

PAULSON, Justice.

This is an appeal from a summary judgment granted in favor of James Winger and Winger Cheese, Incorporated. The sole issue presented for review is whether or not minor children of a seriously injured parent can recover for the loss of such parent's consortium. We affirm the judgment of the district court.

On March 17, 1977, plaintiffs Edmund and Josephine Morgel, husband and wife, accompanied by their daughter Carolyn and son Raymond, were returning by automobile to their home in Portal, North Dakota, from Grand Forks, North Dakota, where Carolyn is a student at the State School for the Blind. Raymond, an adult son, was driving the automobile when it was struck from the rear by a vehicle driven by James Winger and owned by Winger Cheese, Inc.

The Morgels brought an action in Ward County District Court alleging that Winger's negligence was the proximate cause of injuries suffered by Josephine Morgel. The complaint sought damages for the injuries suffered by Josephine and also for the loss of Josephine's consortium suffered by Edmund. Portions of the complaint alleged that the Morgels' minor children, Carolyn, Jocelyn, George, and Thomas, had been de-

prived of Josephine's aid, attention, care, counseling, and guidance, and are entitled to damages as compensation for such loss.

Winger moved for summary judgment on those portions of the complaint involving the minor children's right to recover for loss of Josephine's consortium. The district court, bound by our recent decision in *Hastings v. James River Aerie No. 2337, etc.*, 246 N.W.2d 747 (N.D.1976), granted summary judgment in favor of Winger.

Counsel for Morgel recognizes that our decision in *Hastings* is directly in point, but urges us to reconsider it in light of evolving standards of the common law. Notwithstanding that we have sometimes overruled controlling precedents, we are guided by principles of *stare decisis*, and are unwilling to overturn our decision in *Hastings, supra,* at this time.

Several courts have considered the question of whether or not a minor child should be entitled to recover for loss of parental consortium, and all but one have held that no such cause of action should exist. The one court which has held that the child has a right to recover for loss of parental consortium is the Michigan Court of Appeals. In *Berger v. Weber*, 82 Mich.App. 199, 267 N.W.2d 124 (1978), the Michigan Court held that a child may maintain a cause of action for loss of parental society and companionship when a parent is severely injured, but that the child's recovery is limited to recovery for loss of support in the non-economic sense.

The majority of courts which have addressed the issue have cited one or more of the ten reasons set out in the Annotation found at 69 A.L.R.3d 528, which we quoted with approval in *Hastings, supra* 246 N.W.2d at 747.

■ We agree with the California Court which, in *Borer v. American Airlines, Inc.*, 19 Cal.3d 441, 138 Cal.Rptr. 302, 563 P.2d 858, 862 (1977), said that the question of a child's right to recover for loss of parental consortium is one of policy. Because we believe that the question is one of policy, we conclude that the birth of the child's cause

of action for loss of parental consortium should be attended to by the Legislature as its obstetrician. See *Duhan v. Milanowski*, 75 Misc.2d 1078, 348 N.Y.S.2d 696 (1973); *Roth v. Bell*, 24 Wash.App. 92, 600 P.2d 602 (1979).

Affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.