■ LESTER L. LAUVER et al., Individually and as Parents of TAMMY LAUVER et al., Infants, Respondents, v HAROLD CORNELIUS, Appellant. — Appeal from an order of the Supreme Court at Special Term (Kuhnen, J.), entered March 27, 1981 in Tompkins County, which denied defendant's motion to dismiss the complaint. Upon discovering on June 16, 1980 that defendant, over the three

preceding years, had participated in several incidents of sexual molestation involving their two infant children, ages five and seven at the beginning of the period, plaintiffs commenced a civil action against defendant on their own behalf and as parents and natural guardians of their children by service of a complaint containing nine separate causes of action. The first six causes of action are by the parents on behalf of their children alleging intentional and malicious assault, false imprisonment and intentional tort on the persons of the two infants. The seventh cause of action is by the parents to recover the expenses for medical and psychiatric treatment of the children. With respect to these seven causes of action, Special Term was correct in denying defendant's motion to dismiss the complaint and for summary judgment. They are viable actions that are not barred by the Statute of Limitations, the time limitation of these causes of action being tolled by infancy (CPLR 208). The eighth and ninth causes of action for the intentional infliction of emotional harm upon the plaintiff parents raise anew the issue first raised in *Tobin v Grossman* (24 NY2d 609) of whether a parent may recover for mental or physical injuries caused by shock or mental trauma as the result of a tort against the person of his or her child. *Tobin* refused to extend to third parties a cause of action in tort for psychic injury incurred without impact. Here, as in *Tobin,* the impact on the parents of psychological and possible physical injuries to two siblings of exceedingly tender years is poignantly evident. Yet, because the parents were not participants or even observers of the tortious acts which injured the children and unquestionably inflicted psychic distress upon the parents, relief by way of civil suit must be limited to those directly or intentionally harmed (see *Tobin v Grossman, supra,* p 619; *Blair v Union Free School Dist. No. 6, Hauppauge,* 67 Misc 2d 248, 249; cf. *Waite v City of Elmira,* 69 Misc 2d 962, 964). Order modified, on the law, by granting defendant's motion to the extent of dismissing the eighth and ninth causes of action of the complaint, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.