66338. W. J. BREMER COMPANY, INC. v. GRAHAM et al.

POPE, Judge.

On July 17, 1978 Lucian Graham suffered physical injuries as a result of the collision of the motorcycle he was riding and a truck owned by appellant. On July 16, 1982, by next friends, the minor children of Lucian Graham filed suit alleging negligence by appellant's employee in the operation of the truck and seeking to recover damages "to compensate them for the injuries sustained to their relationship with their father." The trial court denied appellant's motion to dismiss, ruling "that a child, during the child's minority, may recover damages for loss of consortium resulting from an injury suffered by the father from the tortious act of another person outside the family household." In order to address this apparent case of first impression in Georgia, appellant's application for interlocutory appeal was granted.

In urging affirmance of the trial court's ruling as to the existence of a minor child's independent cause of action for the loss of parental consortium, appellees' primary argument appears to be that because this Court is authorized to enlarge a loss of consortium claim to include the injured parent's minor child, we should do so. By way of illustration of this power and by substantive analogy, appellees rely upon this Court's judicial extension of the loss of consortium claim, previously the sole right of the husband, to embrace the wife's right to sue for the loss of her husband's consortium. See *Brown v. Ga.-Tenn. Coaches, Inc.,* 88 Ga. App. 519 (77 SE2d 24) (1953). With some pride, we acknowledge that our decision in *Brown* resulted in Georgia being "in the vanguard in recognizing the consortium cause of action in favor of the wife." Timms v. Verson Allsteel Press Co., 520 FSupp.

1147, 1149 (N. D. Ga. 1981). Appellees' emphasis upon our decision in *Brown* is, however, misplaced and unpersuasive as the basis for further extension of the action for loss of consortium.

While it is true that our opinion in *Brown* provided a cause of action to the wife where previously none had existed by statute or case law, and its conclusion was, at that time, against the weight of precedent in not only Georgia case law but also that of other states, the decision merely made reciprocal the right of recovery for each spouse's loss of the consortium of the other. The nature of the action for loss of spousal consortium remained unchanged; its mutuality was recognized. " 'The actual injury to the wife from loss of consortium, which is the basis of the action, is the same as the actual injury to the husband from that cause. His right to the conjugal society of his wife is no greater than her right to the conjugal society of her husband. Marriage gives each the same rights in that regard. Each is entitled to the comfort, companionship, and affection of the other. The rights of the one and the obligations of the other spring from the marriage contract, are mutual in character, and attach to the husband as husband and to the wife as wife. *Any interference with these rights, whether of the husband or of the wife, is a violation, not only of a natural right, but also of a legal right arising out of the marriage relation . . .* As the wrongs of the wife are the same in principle, and are caused by acts of the same nature, as those of the husband, the remedy should be the same. [Cit.]' " *Brown v. Ga.-Tenn. Coaches, Inc.,* supra at 526, quoting Hitaffer v. Argonne Co., 183 F2d 811, 816 (D. C. Cir. 1950).

The key to the *Brown* decision lies in the meaning ascribed to the term "consortium." Consortium was " ' [a]t earlier common law, the status and rights of the husband arising from the *marriage relationship,* while "coverture" denoted the status and rights of the wife arising therefrom. But "consortium" has now come to mean the rights and duties of both husband and wife, *resulting from the marriage,* in other words, *the marital rights and duties of the spouses inter se,* the reciprocal rights and duties of society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort, such being special rights and duties *growing out of the marriage covenants.'* " (Emphasis supplied.) *Smith v. Tri-State Culvert Mfg. Co.,* 126 Ga. App. 508, 510 (191 SE2d 92) (1972), quoting Ballantine's Law Dictionary (3rd ed. 1969). "[W]hile there is a reciprocally equal status as spouses in the marriage relation, with the right of each to recover for the loss of consortium of the other, there is no such reciprocity of recognition of a parent's and child's claim. In sum, the reasoning supporting the recognition of the wife's

claim, to end an injust discrimination in the law, is not applicable to a child's claim for loss of parental consortium." DeAngelis v. Lutheran Medical Center, 84 App. Div. 2d 17, 26 (445 NYS2d 188) (1981).

We are aware that a minor child's independent cause of action for the loss of parental consortium has recently been recognized in three jurisdictions.[1] Moreover, like the courts in those jurisdictions, we too are cognizant of and sympathetic to the harm experienced upon the loss of or impediment in parental care occasioned by the tortious injury to the parent. Nor are we unmindful of the policy considerations attendant to a decision on this issue, both sides of which have been articulately advanced by appellate briefs.[2] However, in the absence of a statute to the contrary, we hold that the cause of action for loss of consortium is by its very nature historically and definitionally self-limited to and applicable only to the two parties to the marital union, the spouses, and is, thus, unavailable to the minor child of the tortiously injured parent. Therefore, the trial court erred in denying appellant's motion to dismiss.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 23, 1983 —
REHEARING DENIED DECEMBER 13, 1983 — 

*John T. Woodall,* for appellant.
*R. Kran Riddle, Walter W. Ballew III,* for appellees.
*Eugene G. Partain, Gene M. Winburn, John E. James, Elise B. Ossen,* amici curiae.

---

[1] Weith v. Moes, 311 NW2d 259 (Iowa 1981); Berger v. Weber, 411 Mich. 1 (303 NW2d 424) (1981); Ferriter v. Daniel O'Connell's Sons, 381 Mass. 507 (413 NE2d 690) (1980). But see DeAngelis v. Lutheran Medical Center, supra at 21 n. 2 for an exhaustive list of cases refusing to allow a claim for loss of parental consortium. See also Clark v. Romeo, 561 FSupp. 1209 (D. Conn. 1983); Fayden v. Guerrero, 420 S2d 656 (Fla. App. 1982); Restatement of Torts 2d, § 707A; Annot., 11 ALR 4th 549 et seq. and cases cited therein.

[2] For a general discussion of the policy considerations referred to, see Comment, "A Child's Independent Action for Loss of Consortium — A Change in the Iowa Tort Scheme," 67 Iowa L. Rev. 1081 (1982) and cases cited therein.