467 So.2d 305 (1985)
Michael ZORZOS, Royal Insurance Company of Canada, a Foreign Corporation, Champion Services, Inc. d/b/a Budget Rent-a-Car of Clearwater, Florida and National Union Fire Insurance Company Pittsburg, a New York Corporation, Petitioners,
v.
Stephen Joel ROSEN, a Minor By and Through His Father and Next Friend, Michael Rosen and Barbara Beth Rosen, a Minor, by and through Her Father and Friend, Michael Rosen, Respondents.
No. 65239.
Supreme Court of Florida.
April 4, 1985.
*306 James A. Murman of Barr, Murman and Tonelli, Tampa, for Michael Zorzos and Royal Ins. Co. of Canada.
Chris W. Altenbernd and George A. Vaka of Fowler, White, Gillen, Boggs, Villareal and Banker, Tampa, for Champion Services, Inc., d/b/a Budget Rent-A-Car of Clearwater and Nat. Union Fire Ins. Co.
Walton B. Hallowes, Jr. of Wells, Gattis, Hallowes and Carpenter, Orlando, for respondents.
Marjorie Gadarian Graham of Jones and Foster, West Palm Beach, Florida and Professor Michael L. Richmond of Nova University Center for the Study of Law, Fort Lauderdale, amicus curiae for The Florida Defense Lawyers' Ass'n.
Richard A. Kupfer of Cone, Wagner, Nugent, Johnson, Hazouri and Roth, West Palm Beach, and Davis S. Schrager as President of ATLA, Philadelphia, amici curiae for The Ass'n of Trial Lawyers of America and The Academy of Florida Trial Lawyers.
SHAW, Justice.
This case is before the Court because of certified direct conflict between the decision below, Rosen v. Zorzos, 449 So.2d 359 (Fla. 5th DCA 1984), and various decisions of other district courts. We have jurisdiction. Art. V, § 3(b) and 4, Fla. Const.
Michael and Gail Rosen, in one automobile, collided with an automobile driven by petitioner Zorzos. As a result, Gail Rosen died and Michael Rosen was injured. Stephen and Barbara Rosen, plaintiffs below, are the minor children of Michael and Gail Rosen. In an earlier action Michael, as personal representative of Gail's estate, won a wrongful death action against petitioners. In addition, Michael recovered a substantial settlement in a personal injury action against petitioners Champion Services, Inc. and National Union Fire Insurance Company of Pittsburg. Both of those actions were filed in the Thirteenth Judicial Circuit. Thereafter, on behalf of Stephen and Barbara, Michael filed the present suits in the Ninth Judicial Circuit seeking damages for the lost care, comfort, society, parental companionship, instruction and guidance of their injured father, Michael. The trial court dismissed for failure to state a cause of action, but the district court reversed and certified direct conflict to this Court.
The issue we are asked to decide is whether Florida should recognize a cause of action for loss of parental consortium resulting from injuries negligently caused by a third party to a parent where death does not occur.[*] The district court and the parties recognize that Florida has not heretofore recognized this cause of action and that a majority of other jurisdictions which have addressed the issue have also rejected the action. See Zorzos and holding and citations in Clark v. Suncoast Hospital, Inc., 338 So.2d 1117 (Fla. 2d DCA 1976). See also Fayden v. Guerrero, 420 So.2d 656 (Fla. 3d DCA 1982), review denied, 430 So.2d 450 (Fla. 1983), and Ramirez v. Commercial Union Insurance Co., 369 So.2d 360 (Fla. 3d DCA 1979), wherein the third district court of appeal adopted the Suncoast Hospital position.
*307 The conflicting views of the Second and Fifth District Courts of Appeal are fully set forth in Suncoast Hospital and Zorzos, respectively. It is true, as the Fifth District Court held in Zorzos, that we are not precluded from recognizing this cause of action simply because the legislature has not acted to create such a right. Nor do we read Suncoast Hospital as being grounded on the court's inability to do so. Instead, we read Suncoast Hospital as being grounded on the need to properly circumscribe the cause of action so as to guard against the numerous considerations weighing against recognizing such actions. We agree with Suncoast Hospital that if the action is to be created, it is wiser to leave it to the legislative branch with its greater ability to study and circumscribe the cause. In addition, we are influenced by the fact that the legislature has recognized a child's loss of parental consortium in a wrongful death action but has not created a companion action for such loss when the parent is injured but not killed. Although this omission may be only an oversight, it strongly suggests that the legislature has deliberately chosen not to create such cause of action.
We approve Suncoast Hospital, disapprove and quash the decision here, and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN and McDONALD, JJ., concur.
EHRLICH, J., dissents with opinion with which ADKINS, J., concurs.
EHRLICH, Justice, dissenting.
I would approve the decision of the Fifth District Court of Appeal.
The majority says that they are "influenced by the fact that the legislature has recognized a child's loss of parental consortium in a wrongful death action but has not created a companion action for such loss when the parent is injured but not killed." I am also influenced by what the legislature has done in this regard, but am unmoved by what the legislature did not do, and in my opinion, this is the proper and appropriate analysis.
The wrongful death statute, alluded to in the Court's opinion, was enacted in 1972. Its predecessor statute which had been in effect for 89 years[1] limited the right of action to specific family members  to the widow or husband, as the case may be, and where there is neither, then to the surviving child or children, and where there be none of the foregoing, the action could be maintained by any person dependent on such person killed for support, etc. In short, a minor had no cause of action for the death of a parent if there were a surviving parent.
This statutory scheme had many shortcomings which oft times caused unjust results and brought about many hardships. The general overhauling of the wrongful death statute in 1972 was the result of many years of in-fighting between forces with opposing points of view. The defense bar was generally satisfied with the status quo. The plaintiff's bar wanted to broaden the list of those who could recover for the death of a family member and to extend the elements of damage for each person entitled to recover. Although not the proper subject of judicial notice, it is generally known that the 1972 amendment was the result of a series of compromises between the various points of view in and outside the legislature and was enacted without any great bloodletting on the floors of the legislature. Included in the overall compromise was the repeal of the survivor statute, pursuant to which the personal representative could recover damages for loss of earnings and conscious pain and suffering of the decedent from the date of the injury to the date of the death. The enactment of this new wrongful death statute was not part of a general legislative attempt to overhaul tort law. The entire legislative battle centered around the wrongful death statute. I therefore can *308 draw no inference from the fact that the legislature addressed a narrow segment of tort law by enacting the new death statute, and did not attempt an overall revision of this area of the law. This was nothing more and nothing less than the legislative process in action.
For the first time since the enactment of a wrongful death statute in this state, the 1972 amendment recognized that a minor child is entitled to recover damages for the death of a parent. As for damages, the minor child "may recover the value of lost support and services from the date of the decedent's injury to his death, with interest, and future loss of support and services from the date of death reduced to present value," and damages "for lost parental companionship, instruction and guidance and for mental pain and suffering from the date of the injury." Section 768.21(2)(3) (emphasis supplied).
We have said that it is within the province of the legislature to establish public policy,[2] and in 1972 it did so in recognizing for the first time a claim by a minor child for damages for wrongful death of a parent. Included in that claim is one for damages from the date of injury up to the date of death and this includes tangible losses such as support, and intangible losses such as services and parental companionship, instruction and guidance and mental pain and suffering.
Under the common law the minor child has no claim for damages against a tortfeasor for injuries to a parent, but the legislature has declared it to be the public policy of this state and has changed the common law to give the minor child a right of action for monetary damages where the parent is fatally injured from the time of the injury up to the time of death, without regard to whether that period is but a fleeting moment or is one of years.
If the minor child be entitled to recover damages for an injury to his parent from the date of injury up to the date of death, then why should not the child be able to recover those damages where the parent is injured but does not die? True, the legislature has the authority to establish such a right of action, but so does this Court. This Court has not hesitated to change the common law where circumstances and conditions call for such change. Under the common law a wife could not sue for loss of consortium resulting from injury to the husband. This Court changed that doctrine in 1971 in Gates v. Foley, 247 So.2d 40 (Fla. 1971). A municipal corporation enjoyed immunity from liability for the wrongful acts of police officers until 1957 when the Court spoke in the case of Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957). Contributory negligence was an absolute bar to recovery. In 1973 this Court changed this harsh unfair common law doctrine in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Until 1969, the mention of insurance in a personal injury action was per se error. This was changed by Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969).
There are other examples where the common law was changed by this Court when the reason for the rule no longer existed. There is no longer any reason to subscribe to the fiction that a minor child has not sustained any recoverable monetary damage resulting from the personal injury of a parent. The legislature has recognized the validity of this claim where the injury to the parent is fatal. We should recognize it where the parent survives. The loss is present in either circumstance. It is a principle whose time has long since arrived.
For these reasons, I dissent.
ADKINS, J., concurs.
NOTES
[*] The cause of action, if adopted, would approximately parallel the children's right to damages for loss of consortium created by the Wrongful Death Act, section 768.21(3), Florida Statutes (1979).
[1] First enacted by ch. 3439, Laws of Fla. (1883), codified as amended at ch. 768, Fla. Stat. (1971).
[2] See e.g., Fraternal Order of Police, Lodge No. 6 v. Department of State, 392 So.2d 1296 (Fla. 1980); Holley v. Adams, 238 So.2d 401 (Fla. 1970).