Delbert LEWIS *v.* Onis Edward ROWLAND

85-170                                        701 S.W.2d 122

Supreme Court of Arkansas
Opinion delivered December 23, 1985

*The McMath Law Firm*, by: *Art Anderson*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, for appellee.

DARRELL HICKMAN, Justice. Delbert Lewis, 37, is considered a quadriplegic who was paralyzed by polio at age 3. He is a college graduate and has worked full-time for 12 years for the Arkansas Rehabilitative Services. He is economically self-sufficient, accepting no government aid. His mother, Viola Lewis, lives with him and cares for him by tending to his personal needs and performing housekeeping chores. She drives him to and from work in a handicapped equipped van which Delbert Lewis owns.

Lewis' mother was injured in an automobile accident on July 7, 1983. Lewis was not in the accident. Lewis' mother filed suit against the other driver, Onis Edward Rowland, for personal injuries; Lewis joined her suit claiming loss of his mother's services. Lewis asked the trial court to rule that he was as dependent as a child on his mother in many ways and ought to be able to recover for loss of consortium. The trial court dismissed his claim because Arkansas does not recognize such a cause of action; we agree and decline to join those states which do.

The parties concede there is no case directly on point. However, bearing on this case is the body of law covering the rights of spouses or children to monetary damages for the loss of consortium. Consortium is a word derived from Latin meaning fellowship, society, and cooperation; in law it is the right to each other's company, affection and aid of the other in a conjugal relation. It is widely recognized that husbands and wives have a right to damages for loss of consortium. *Little Rock Gas & Fuel Co.* v. *Coppedge*, 116 Ark. 334, 172 S.W. 885 (1915); *Missouri Pacific Transportation Co.* v. *Miller*, 227 Ark. 351, 299 S.W.2d 41 (1957).

■ We are in accord with a majority of states in *not* recognizing that a minor child has a claim for loss of consortium when a parent is injured. At least sixteen jurisdictions so hold: Arizona, California, District of Columbia, Florida, Hawaii, Kansas, Louisiana, Minnesota, Missouri, Nebraska, Nevada, New Jersey, New York, North Dakota, Ohio, and South Carolina. A growing minority of states do however allow such a claim, including Iowa, Massachusetts, Michigan, Vermont, Washington, and Wisconsin.

Several reasons are given for denying the claim to a minor child. One reason is that it is a question of public policy that ought to be decided by the legislature, not the courts. *Koskela v. Martin*, 91 Ill. App. 3d 568, 414 N.E.2d 1148 (1980); *Borer v. American Airlines, Inc.*, 19 Cal. 3d 441, 138 Cal. Rptr. 302, 563 P.2d 858 (1977). In *Borer*, the claim for loss of consortium was made by the nine children of Patricia Borer. The court said:

> Judicial recognition of a cause of action for loss of consortium, we believe, must be narrowly circumscribed. Loss of consortium is an intangible injury for which money damages do not afford an accurate measure or suitable recompense; recognition of a right to recover for such losses in the present context, moreover, may substantially increase the number of claims asserted in ordinary accident cases, the expense of settling or resolving such claims, and the ultimate liability of the defendants.

The court further stated:

> . . . [S]ocial policy must at some point intervene to delimit liability. Patricia Borer, . . . foreseeably has not only a husband . . . and the children who sue here, but also parents whose right of action depends upon our decision in the companion case of *Baxter v. Superior Court*; foreseeably, likewise, she has brothers, sisters, cousins, inlaws, friends, colleagues, and other acquaintances who will be deprived of her companionship. No one suggests that all such persons possess a right of action for loss of Patricia's consortium; all agree that somewhere a line must be drawn. As stated by Judge Breitel in *Tobin v. Grossman*, (1969) 24 N.Y.2d 609, 619, 301 N.Y.W.2d 554, 561, 249 N.E.2d 419, 424: 'Every injury has ramifying conse-

quences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree.'

The decision whether to limit liability for loss of consortium by denying a cause of action in the parent-child context, or to permit that action but deny any claim based upon more remote relationships, is thus a question of policy.

The court concluded:

. . . [T]aking into account all considerations which bear on this question, including the inadequacy of monetary compensation to alleviate that tragedy, the difficulty of measuring damages, and the danger of imposing extended and disproportionate liability, we should not recognize a nonstatutory cause of action for the loss of parental consortium.

Sometimes the courts will recognize a new cause of action or expand one and sometimes it is best to let the legislative body do so. We have done both. In one recent instance we declined to recognize a cause of action for wrongful birth. *Wilbur* v. *Kerr*, 275 Ark. 239, 628 S.W.2d 568 (1982). Until the legislature recognized strict liability, we did not. *Cockman* v. *Welder's Supply Co.*, 265 Ark. 612, 580 S.W.2d 455 (1979); *Ford Motor Co.* v. *Reid*, 250 Ark. 176, 465 S.W.2d 80 (1971). We did recognize the new tort of outrage but have attempted to limit the new tort to truly outrageous cases. *M.B.M. Co., Inc.* v. *Counce*, 268 Ark. 269, 596 S.W.2d 681 (1980). We have recognized that while Arkansas' wrongful death statute does not expressly allow recovery for a child's loss of consortium, it is a compensable claim. *St. L. I.M. & S. Ry.* v. *Prince*, 101 Ark. 315, 142 S.W. 499 (1911). Also in *Attwood* v. *Estate of Attwood*, 276 Ark. 230, 633 S.W.2d 366 (1982), we recognized that children could sue parents for willful torts. Our decision in this case is based mainly on the policy consideration that if such a cause of action is to exist, it is for the legislature to create rather than the courts.

The other reasons usually given for denying a claim such as the appellant's deserve discussion. One reason often given is that a child is not legally entitled to a parent's love, guidance and

companionship. See *Weitl* v. *Moes*, 311 N.W.2d 259 (Iowa 1981). Parents have a legal duty to support their minor children but not the legal duty to love them.

Opening the floodgates to litigation is often cited as a reason for not recognizing a new cause of action. *Koskela* v. *Martin, supra; Borer v. American Airlines, Inc., supra.* It is not a reason to reject summarily. *Theama* v. *City of Kenosha,* 117 Wis. 2d 508, 344 N.W.2d 513 (1981). However, in this case the two claims are joined in one suit, a requirement some courts have made to overcome this objection. *Weitl v. Moes, supra; Hay* v. *Medical Center Hospital of Vermont,* 496 A.2d 939 (Vt. 1985); *Ueland* v. *Reynolds Metal Co.,* 103 Wash. 2d 131, 691 P.2d 190 (1984).

Multiple claims and multiple parties are sometimes cited as reasons for not recognizing this claim because each child of the injured parent would have the right to bring suit. *Koskela* v. *Martin, supra; Russell* v. *Salem Transportation Co.,* 61 N.J. 502, 295 A.2d 862 (1972). The courts also fear that suits would be filed for loss of services of other relatives. *Borer* v. *American Airlines, Inc., supra.* Would such a claim be just as valid for an injured aunt, uncle, or friend, especially if they are guardians or stand in *loco parenti*? The possibilities are endless.

As a result of the increased litigation, the courts are seriously concerned with the increased cost of insurance. Society would bear the burden of the damages awarded in these actions by paying higher insurance premiums. *Koskela* v. *Martin, supra; Borer* v. *American Airlines, Inc., supra.*

The fact that the damages would be speculative should not be a bar, but that is a reason often used to deny such a claim. See *Borer* v. *American Airlines, Inc., supra.* Pain and suffering and loss of spousal consortium are speculative and we allow them. *Hamby* v. *Haskins,* 275 Ark. 385, 630 S.W.2d 37 (1982); *Little Rock Gas & Fuel Co.* v. *Coppedge, supra; Missouri Pacific Transportation Co.* v. *Miller, supra.*

Finally, there is the question of the burden placed on the tortfeasor who, through a mere negligent or unintentional act, must bear the burden of damages not only to the persons injured but also to other persons unknown and not physically injured.

That would be a marked departure from existing law, which the public has come to understand and rely upon.

If we find for Delbert Lewis, we have to create a new cause of action. In order to effect the change we would first have to recognize that a child has a legal claim against its mother for love, guidance and companionship before we could recognize the same claim against a third party. This we decline to do.

Furthermore, Lewis is not a child but an adult and Lewis' claim is not for consortium as we recognize it. Lewis has itemized his damages as follows: past and future medical expenses for stomach disorder and hypertension; past and future pain, suffering and mental anguish; loss of earnings; loss of earning capacity; past and future caretaking expenses; damage to his motor vehicle; loss of the use of his motor vehicle. The total damages claimed are $500,000. In essence, Lewis has claimed replacement costs for his mother's services, not strictly loss of consortium.

We agree with the California Court's reasoning in *Borer*, and believe this is a matter for the legislature. Because so many factors concerning public policy are involved, we decline to create a new cause of action. To recognize Lewis' claim we would have to alter the existing legal relationship between parent and child. We see no compelling reason to do so, and in this case we find the trial court did not err in dismissing Lewis' complaint.

Affirmed.

PURTLE, J., not participating.