## DEARBORN FABRICATING AND ENGINEERING CORP., INC., Appellant (Defendant Below),

v.

**William D. WICKHAM, Pamela Wickham, LeAnn Wickham, and Jennifer Wickham, Appellees (Plaintiffs Below).**

No. 71A03–8806–CV–157.

Court of Appeals of Indiana, Third District.

Dec. 27, 1988.

R. Kent Rowe, Jerry E. Huelat, Martin J. Gardner, Rowe, Foley & Huelat, South Bend, for appellant.

Douglas A. Mulvaney, Stutsman Law Office, Elkhart, for appellees.

STATON, Judge.

William D. Wickham, his wife, Pamela, and their two children, LeAnn and Jennifer, filed a complaint against Dearborn Fabricating and Engineering Corporation, Inc. (Dearborn), seeking money damages as a result of personal injuries William sustained when he fell through a hole in a catwalk. Count VII alleged a cause of action on behalf of LeAnn and Jennifer for the loss of the support, services, society and companionship of their father. Dearborn filed a motion to dismiss Count VII for failure to state a claim for relief. The trial court granted the motion in part by striking the word "support"[1] and denied the motion as to the balance of the allegations. Dearborn appeals the trial court's ruling raising the sole issue whether minor children should be permitted to assert a claim for loss of parental consortium when the parent is negligently injured by a third person.

This case presents a question of first impression in Indiana. Thirty-three jurisdictions have addressed this issue with a majority of twenty-six refusing to recognize the cause of action.[2] The seven states

1. Wickham does not challenge the trial court's ruling striking "support" from the claim.

2. *See Hibpshman v. Prudhoe Bay Supply, Inc.* (1987), Alaska, 734 P.2d 991, 992 (footnote 4) for a list of jurisdictions refusing to recognize the cause of action, in addition to *Beikmann v. International Playtex, Inc.* (D.C.Col.1987), 658 F.Supp. 255 (dicta); *Clark v. Romero* (D.C.Conn.

1983), 561 F.Supp. 1209 dicta; *Halberg v. Young* (1957), 41 Haw. 634; *Durepo v. Fishman* (1987), Me., 533 A.2d 264; *Steiner v. Bell Telephone Co.* (1986), 358 Pa.Super. 505, 517 A.2d 1348, *aff'd,* (1988), 518 Pa. 57, 540 A.2d 266; *Graham v. Ford Motor Co.* (1986), Tex.App., 721 S.W.2d 554.

that have recognized the cause of action have done so since 1980.[3] The arguments advanced by those courts declining to recognize the cause of action are: (1) damages will be speculative due to the intangible nature of the loss, (2) double recovery may occur through an overlap between the parent's damages and the child's damages, (3) recognition will lead to a multiplicity of lawsuits and protracted litigation, (4) extending liability will increase insurance premiums, and (5) the judiciary should defer to the legislature for consideration of the above socio-economic factors.

For reasons discussed in this opinion, we do not find these arguments persuasive and join the growing number of jurisdictions recognizing a minor child's cause of action for loss of parental consortium when the parent is negligently injured by a third person.

First, concern over the difficulty in assessing monetary damages due to the intangible nature of the loss is not unique to claims for loss of parental consortium. The damages would be no more speculative or difficult to assess than damages for pain and suffering, loss of spousal consortium in personal injury and wrongful death actions, loss of a parent's love and affection in wrongful death actions and loss of a child's love and companionship in wrongful death actions. *Hibpshman v. Prudhoe. Bay Supply, Inc.* (1987), Alaska, 734 P.2d 991, 996; *Theama v. City of Kenosha* (1984), 117 Wis.2d 508, 344 N.W.2d 513, 519–20.

Second, the potential for double recovery can be eliminated "by recognizing that pecuniary damages such as lost income which would have been used for the benefit of a child or the cost of substitute child care services are damages recoverable by the parent, not the child; the child's damages would thus be limited primarily to an emotional suffering award in most cases."

*Hibpshman, supra,* at 996; *Theama, supra,* 344 N.W.2d at 521–22.

"Rather than having juries make blind calculations of the child's loss in determining an award to the parent, a child's loss could be openly argued in court and the jury could be instructed to consider the child's loss separately. The award would accrue directly to the child rather than be lumped in with that of the parent who may or may not spend it for the child's benefit."

*Berger v. Weber* (1981), 411 Mich. 1, 303 N.W.2d 424, 427 (citation omitted.)

Third, concern for multiple claims and protracted litigation can be minimized by requiring joinder of the minor's consortium claim with the injured parent's claim unless it is not feasible in a particular case. *Hibpshman, supra,* at 997.

Fourth,

[r]ecognizing the child's cause of action may result in increased insurance costs, but compensating a child who has suffered emotional problems because of the deprivation of a parent's love and affection may provide the child with the means of adjustment to the loss. The child receives the immediate benefit of the compensation, but society will also benefit if the child is able to function without emotional handicap. This may well offset any increase in insurance premiums.

*Berger, supra,* 303 N.W.2d at 426; *see also Hibpshman, supra,* at 997 and cases cited therein.

Fifth, while deference to the legislature is an option and often appropriate, we are convinced it is not necessary in this case. Causes of action for loss of consortium have historically been allowed or denied by common law. *See, e.g., Troue v. Marker* (1969), 253 Ind. 284, 252 N.E.2d 800, 804 and cases cited therein.

"The common law of today is not a frozen mold of ancient ideas, but such law

---

**3.** *See Hibpshman, supra; Weitl v. Moes* (1981), Iowa, 311 N.W.2d 259, *overruled* by *Audubon–Exira v. Ill. Cent. Gulf R.R. Co.* (1983), Iowa, 335 N.W.2d 148 (no independent action recognized because loss of parental consortium is an element of damages in the statute for wrongful or negligent injury or death.) *Ferriter v. Daniel O'Connell's Sons, Inc.* (1980), 381 Mass. 507, 413 N.E.2d 690; *Berger v. Weber* (1981), 411 Mich. 1, 303 N.W.2d 424; *Hay v. Medical Center Hosp.* (1985), 145 Vt. 533, 496 A.2d 939; *Ueland v. Reynolds Metals Co.* (1984), 103 Wash.2d 131, 691 P.2d 190; *Theama v. City of Kenosha* (1984), 117 Wis.2d 508, 344 N.W.2d 513.

in [sic] active and dynamic and thus changes with the times and growth of society to meet its needs." *Perkins v. State* (1969), 252 Ind. 549, 554, 251 N.E.2d 30, 33. In *Troue v. Marker,* [*supra,*] Judge Arterburn further admonished that the "common law must keep pace with changes in our society." Where the reasoning advanced for retention of a common law doctrine is judicially unsound, and where there are no legislative barriers, this Court will abrogate common law doctrine.

*In Re Sandy Ridge Oil Co., Inc.* (1987), Ind., 510 N.E.2d 667, 670 (citations omitted.)

In addition to being unpersuaded by the arguments against recognizing the cause of action, we conclude that allowing a minor child's claim for loss of parental consortium when the parent is negligently injured is consistent with IC 34–1–1–2, allowing a child to recover for loss of parental consortium when a parent dies from negligently inflicted injuries.

> How anomalous it is to deny that relief to these minor children when a parent may remain severely disabled or even comatose! A child's loss is similar in both situations. Whenever the injury to the parent is relatively minor, the factfinder can determine what, if any, injury resulted to the child. As long as the injury is severe enough to deprive the child of his parent's companionship and guidance, the parent should not have to die for the child to gain relief.

*Durepo v. Fishman* (1987), Me., 533 A.2d 264, 268–69 (Nichols, J. dissenting), (citations omitted).

We therefore hold that minor children have an independent cause of action for loss of parental consortium when a parent is negligently injured by a third party. The trial court did not err in denying Dearborn's motion to dismiss.

AFFIRMED.

GARRARD, P.J., and MILLER, J., concur.