**BARTON–MALOW COMPANY, INC., and General Motors Corporation, Appellant (Defendants Below),**

v.

**Janet G. WILBURN, Individually and as Guardian of the Person and Estate of Bill E. Wilburn, Wendy Wilburn and Seth Wilburn, Appellees (Plaintiffs Below).**

No. 92A03–8904–CV–132.

Court of Appeals of Indiana,
Third District.

Dec. 28, 1989.

Thomas W. Belleperche, Branch R. Lew, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellant.

William F. Conour, Thomas C. Doehrman, Conour and Doehrman, Indianapolis, for appellees.

STATON, Judge.

Barton–Malow Company, Inc. and General Motors Corporation (collectively referred to as "Barton–Malow") have brought this interlocutory appeal from the trial court's denial of their motion for summary judgment. This appeal raises four issues:

1) Whether the appointment of a guardian of the person and estate of a mentally incompetent person removes the legal disability for purposes of the statute of limitations.

2) Whether the cause of action is barred by laches and estoppel.

3) Whether the saving clause for a legal disability also applies to the spouse's cause of action for loss of consortium.

4) Whether minor children should have an independent cause of action for loss of parental consortium when a parent is negligently injured by a third party.

We affirm in part and reverse in part.

Bill Wilburn was injured on March 18, 1985, while doing construction work at a General Motors plant. As a result of the injuries he sustained, he was rendered incompetent to manage his affairs. His wife Janet was appointed guardian of his person and estate on June 25, 1985.

On September 2, 1988, Janet, individually and as guardian of Bill, filed a complaint for personal injuries against Barton–Malow. Count I was filed on behalf of Bill to recover for his personal injuries. Count II was filed by Janet to recover for loss of consortium and Count III was filed by the Wilburns' two minor children for loss of parental consortium.

Barton–Malow filed a motion for summary judgment arguing that the causes of action by Janet and Bill were barred by the statute of limitations and that Indiana does not recognize a cause of action in minor children for loss of parental consortium. The trial court denied the motion for summary judgment and certified the issues for appeal.

I.

## Guardianship

Barton–Malow first raises the issue whether the appointment of Janet as guardian removes Bill's disability of incompetence such that the two year statute of limitations for Bill's action began to run at the time Janet was appointed.

The applicable statute of limitations for Bill's negligence action is two years. IC 34-1-2-2. However, IC 34-1-2-5 is a saving clause which provides that a party suffering a legal disability at the time the cause of action accrues has two years after the removal of the disability to file suit. For purposes of this appeal, the parties do not dispute that Bill was within the saving clause at least until Janet was appointed guardian. Barton–Malow contends that the appointment removed the legal disability and that the suit had to be filed within two years after the appointment. The Wilburns argue that the appointment of a guardian does not affect the legal disability and that suit may be filed at anytime within two years after Bill is no longer incompetent.

This is an issue of first impression in Indiana. The general rule to emerge in jurisdictions where this issue has been addressed is that the appointment of a guardian for a mentally incompetent person does not remove the legal disability and start the running of the time limitation. *Emerson v. Southern Ry. Co.* (1981), Ala., 404 So.2d 576; *Sahf v. Lake Havasu City* (1986), App., 150 Ariz. 50, 721 P.2d 1177; *Paavola v. St. Joseph Hospital* (1982), 119 Mich.App. 10, 325 N.W.2d 609; 86 A.L.R.2d 965 (1962).

North Carolina has adopted a different rule, which Barton–Malow urges us to follow. In North Carolina, the appointment of a guardian for a minor or an incompetent does remove the legal disability for purposes of the saving clause and begins the running of the time limitation. *Johnson v. Pilot Life Ins. Co.* (1940), 217 N.C. 139, 7 S.E.2d 475. The rationale for this rule is that North Carolina guardianship statutes require a guardian to take possession of the ward's estate and impose on the guardian the duty to bring all necessary actions to protect the estate. *Id.* Barton–Malow correctly points out that Indiana's guardianship statutes also require the guardian to take possession of the ward's estate and impose on the guardian the duty to bring necessary actions. *See* IC 29-1-18-28 and 29-1-18-30 (repealed 1988, now Sections 29-3-7-5 and 29-3-8-1 *et seq.*). In contrast, other jurisdictions have declined to hold that an appointment of a guardian removes the disability because their statutes do not impose such a duty on the guardian. *See e.g. Emerson, supra; Mason v. Sorrell* (1976), 260 Ark. 27, 551 S.W.2d 184.

We are persuaded that this distinction warrants a departure from the majority rule. As stated in *Johnson:*

> The policy of repose which underlies statutes limiting the time in which actions may be brought would be imperfectly expressed if these statutes did not apply to all those who might bring such actions, and actions which might be brought in their behalf. On that theory, the representation of the ward by the guardian should be complete as to actions which the guardian might bring and which it was incumbent on him to bring, in so far as may be consistent with the limitations of his office.

7 S.E.2d at 477.

In Indiana, once a guardian has been appointed, with not only the power but the *duty* to bring actions on behalf of the ward, the protection afforded by the saving clause is no longer needed.

Therefore, we hold that the appointment of a guardian of the person and estate of a mentally incompetent person removes the legal disability for purposes of IC 34-1-2-5. Consequently, because Janet did not file the complaint on behalf of Bill within two years after she was appointed guardian, the suit is barred by the statute of limitations.

We reverse the order of the trial court denying Barton–Malow's motion for summary judgment on this issue.

## II.

### *Laches and Estoppel*

█ Barton–Malow next raises the issue whether the Wilburns' cause of action is barred by laches and estoppel. These are equitable doctrines which may bar an action in equity. *See Irmscher v. McCue* (1987), Ind.App., 504 N.E.2d 1034, 1038. Barton–Malow does not cite any authority or make any argument as to the applicability of these equitable doctrines to a cause of action for personal injury. Consequently, Barton–Malow waives this issue. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).

## III.

### *Loss of Consortium*

Barton–Malow next raises the issue whether the statute of limitations for a spouse's cause of action for loss of consortium is tolled along with the injured spouse's action due to the injured spouse's mental incompetence.

It has been settled that the applicable statute of limitations for a loss of consortium action is the two year limitation provided in IC 34-1-2-2 governing all actions involving claimed losses of rights and interests in or to personal property. *Shideler v. Dwyer* (1981), 275 Ind. 270, 417 N.E.2d 281, 287. Thus, unless her claim receives the benefit of her husband's disability, Janet had to file her loss of consortium action on or before March 18, 1987.

█ At the outset, it is important to note that in Indiana, the spouse's action for loss of consortium is not required to be joined with the injured spouse's cause of action;

it is a separate and independent cause of action. *Putnam County v. Caldwell* (1987), Ind.App., 505 N.E.2d 85, 87; *Board of Commissioners of Cass County v. Nevitt* (1983), Ind.App., 448 N.E.2d 333, *trans. denied.* This fact clearly distinguishes this case from those in jurisdictions where the courts have held that the derivative action receives the benefit of the tolling statute. *See e.g. Manley v. Detroit Auto* (1983), 127 Mich.App. 444, 339 N.W.2d 205 (parent's claim for services rendered); *Korth v. Am. Fam. Ins.* (1983), 115 Wis.2d 326, 340 N.W.2d 494 (loss of society claim must be joined with injured child's claim); *Lauver v. Cornelius* (1981), 85 A.D.2d 866, 446 N.Y.S.2d 456 (parent's action to recover medical expenses).

■ Because the loss of consortium claim is independent, a procedural bar to the injured spouse's claim, unrelated to the merits, will not bar the spouse's loss of consortium claim. *Nevitt, supra* at 341. In *Nevitt,* the court noted that this is consistent with decisions elsewhere that the running of the statute of limitations against the injured spouse's claim does not bar a timely-filed suit for loss of consortium. *Id.*

■ IC 34–1–2–5 provides that "[a]ny person being under legal disabilities when the cause of action accrues may bring his action within two (2) years after the disability is removed." The disability pertains to the person, not the cause of action. *Terre Haute, I & E Traction Co. v. Reeves* (1915), 58 Ind.App. 326, 108 N.E. 275. Janet is the person with the independent cause of action for loss of consortium. She was not under a disability when her action accrued, thus IC 34–1–2–5 is not applicable to her action. *See Emerson, supra; Sahf, supra; Callidine v. Dana* (E.D.Mich.1988), 679 F.Supp. 700. Because Janet did not file her suit within the two year statute of limitations, the trial court erred in denying Barton–Malow's motion for summary judgment on Count II of the complaint. We reverse that portion of the trial court's judgment.

## IV.

### *Loss of Parental Consortium*

Barton–Malow raises the issue whether minor children have an independent cause of action for loss of parental consortium when a parent is negligently injured by a third person. Barton–Malow acknowledges that subsequent to the filing of its motion for summary judgment, this question was answered in the affirmative. *Dearborn Fabricating & Eng. v. Wickham* (1988), Ind.App., 532 N.E.2d 16, *trans. pending.* Barton–Malow has not raised any considerations we did not address in *Dearborn* on this issue and we are not persuaded the *Dearborn* opinion should be disturbed. The trial court did not err in denying the motion for summary judgment on this issue.

Affirmed in part and reversed in part.

SHIELDS, P.J., and HOFFMAN, J., concur in Issues I, II, & III.

HOFFMAN, J., dissents, with separate opinion, in Issue IV, to which SHIELDS, P.J., concurs.

HOFFMAN, Judge, dissenting, Issue IV.

■ For its fourth appellate contention, Barton–Malow raises the issue whether minor children should have an independent cause of action for loss of parental consortium when a parent is negligently injured by a third party. In *Dearborn Fabricating & Eng. v. Wickham* (1988), Ind.App., 532 N.E.2d 16, *trans. pending,* it was suggested that this Court need not defer to the legislature in recognizing a cause of action for loss of parental consortium. However, if the action is to be created, it is wiser to leave it to the legislative branch with its greater ability to study and circumscribe the cause.

The legislature is in a better position to weigh the benefits of the proposed cause of action against other societal concerns.

"The legislature has more widespread resources to utilize in weighing the benefits of allowing children to have a right to recover damages for loss of parental consortium due to negligent injury and is

the appropriate entity to determine if [this state] will recognize a child's cause of action for loss of parental consortium and under what circumstances. The legislature has the ability to enact legislation for wrongful injury patterned on the wrongful death statute. Concern about increased litigation and multiple claims could thereby be addressed by allowing only one action to be brought and only one recovery to be made which must be shared by some legislatively determined apportionment among a legislatively determined class of beneficiaries. The legislature is also the more appropriate branch of government to establish the suggested new cause of action because then, if it is determined that some recovery should be allowed but that the benefits of unlimited recovery is [sic] outweighed by the cost to society, the legislature can establish a rule of law allowing partial recovery under circumstances and upon conditions which the people's representatives have established to be fairest and most beneficial to all."
*Steiner v. Bell Telephone Co.* (1986), 358 Pa.Super. 505, 521, 517 A.2d 1348, 1356, *aff'd*, (1988), 518 Pa. 57, 540 A.2d 266. *See also Zorzos v. Rosen* (1985), Fla., 467 So.2d 305;

> *Huter v. Ekman* (1985), 137 Ill.App.3d 733, 92 Ill.Dec. 369, 484 N.E.2d 1224.

Of significance is the fact that the legislature has recognized a child's loss of parental consortium in a wrongful death action but has not created a companion action for such loss when the parent is injured. *See* IND.CODE § 34–1–1–2 (1988 Ed.) (allowing recovery for loss of parental consortium when a parent dies from negligently inflicted injuries). Although the omission may be an oversight, it suggests that the legislature has deliberately chosen not to create an independent cause of action for loss of parental consortium when a parent is negligently injured by a third party. *See Zorzos v. Rosen, supra,* at 307. Under such circumstances, judicial recognition of the action would be improper.

It is urged that the common law of today "[is] active and dynamic and thus changes with the times and growth of society to meet its needs." *Dearborn Fabricating & Eng. v. Wickham, supra,* at 18. Yet the lack of sound precedent must be considered as a bar to the creation of an independent cause of action for loss of parental consortium. *Koskela v. Martin* (1980), 91 Ill. App.3d 568, 571, 47 Ill.Dec. 32, 35, 414 N.E.2d 1148, 1151.

The overwhelming majority of courts which have addressed the issue have denied a minor's cause of action for loss of parental consortium.

> *See* Annot., 11 A.L.R.4th 549, 552 (1982);
>
> *Dearborn Fabricating & Eng. v. Wickham, supra,* at 16;
>
> *Steiner v. Bell Telephone Co., supra,* 358 Pa.Super. at 516, 517 A.2d at 1354.

Since 1980 when the first state supreme court, the Supreme Judicial Court of Massachusetts, permitted a child to recover for loss of parental consortium, only six other jurisdictions have recognized the cause of action.

> *See Hibpshman v. Prudhoe Bay Supply, Inc.* (1987), Alaska, 734 P.2d 991;
>
> *Weitl v. Moes* (1981), Iowa, 311 N.W.2d 259, overruled by *Audubon–Exira v. Ill. Cent. Gulf R.R. Co.* (1983), Iowa, 335 N.W.2d 148;
>
> *Ferriter v. Daniel O'Connell's Sons, Inc.* (1980), 381 Mass. 507, 413 N.E.2d 690;
>
> *Berger v. Weber* (1981), 411 Mich. 1, 303 N.W.2d 424;
>
> *Hay v. Medical Center Hosp.* (1985), 145 Vt. 533, 496 A.2d 939;
>
> *Ueland v. Reynolds Metals Co.* (1984), 103 Wash.2d 131, 691 P.2d 190;
>
> *Theama v. City of Kenosha* (1984), 117 Wis.2d 508, 344 N.W.2d 513.

Other jurisdictions that have addressed the issue have declined to follow Massachusetts' lead in extending the common law to include such an action.

> *See, e.g., Steiner v. Bell Telephone Co., supra;*
>
> *Kershner v. Beloit Corporation and Black Clawson Co., Inc.* (D. Maine 1985), 611 F.Supp. 943;

*Lewis v. Rowland* (1985), 287 Ark. 474, 701 S.W.2d 122;

*Zorzos v. Rosen, supra;*

*Sanders v. Mt. Sinai Hospital* (1985), 21 OhioApp.3d 249, 487 N.E.2d 588;

*Bennight v. Western Auto Supply Co.* (1984), Tex.App., 670 S.W.2d 373;

*W.J. Bremer Co., Inc. v. Graham* (1983), 169 Ga.App. 115, 312 S.E.2d 806;

*Block v. Pielet Bros. Scrap and Metal, Inc.* (1983), 119 Ill.App.3d 983, 75 Ill.Dec. 515, 457 N.E.2d 509;

*Versland v. Caron Transport* (1983), 206 Mont. 313, 671 P.2d 583;

*Salin v. Kloempken* (1982), Minn., 322 N.W.2d 736;

*Norwest v. Presbyterian Intercommunity Hospital* (1982), 293 Or. 543, 652 P.2d 318;

*DeAngelis v. Lutheran Medical Center* (1981), 84 A.D.2d 17, 445 N.Y.S.2d 188, aff'd, (1983) 58 N.Y.2d 1053, 462 N.Y.S.2d 626, 449 N.E.2d 406;

*Hoesing v. Sears, Roebuck and Co.* (D.Neb.1980), 484 F.Supp. 478;

*Morgel v. Winger* (1980), N.D., 290 N.W.2d 266.

Because there is no general or growing consensus that a cause of action for loss of parental consortium should be recognized, and because the recognition of such an action is a policy determination which can most thoroughly and representatively be resolved by the legislature, this Court should not create a cause of action for loss of parental consortium due to tortious interference by a third party. Barton–Malow is entitled to summary judgment on Count III of the Wilburns' complaint.

SHIELDS, P.J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting, Issue IV.

I dissent from the conclusion reached by the Majority on Issue IV which deals with a child's right of action for loss of parental consortium. The Majority's conclusion is that "it is wiser to leave it to the legislative branch with its greater ability to study and circumscribe the cause." Majority Opinion, Issue IV, p. 1. This pass the buck to the legislative branch approach not only ignores the obligation of the judicial branch to implement legislative intent and purpose, but is an insufferable result.

With the overwhelming amount of legislation being enacted, it is not surprising that every possible application of the statute has not been thought about and included in the final bill. In several pages of a piece of legislation, it is impossible to conceive of the tens of thousands of fact situations that may occur and involve the legislation under consideration.

Causes of action for loss of consortium have historically been allowed or denied by common law. *Troue v. Marker* (1969), 253 Ind. 284, 252 N.E.2d 800, 804 and the cases cited therein. As I pointed out in *Dearborn Fabricating & Eng. v. Wickham* (1988), Ind.App., 532 N.E.2d 16: " 'The common law of today is not a frozen mold of ancient ideas, but such law in [sic] active and dynamic and thus changes with the times and growth of society to meet its needs.' *Perkins v. State* (1969), 252 Ind. 549, 554, 251 N.E.2d 30, 33." *Dearborn, supra,* at 17–18.

Finally, allowing a child to have a claim for loss of parental consortium when the parent is negligently injured is consistent with the intent and purpose of IC 35–1–1–2 which allows a child to recover for loss of parental consortium when the parent dies from negligently inflicted injuries. As I pointed out in *Dearborn, supra:*

How anomalous it is to deny that relief to these minor children when a parent may remain severely disabled or even comatose! A child's loss is similar in both situations. Whenever the injury to the parent is relatively minor, the factfinder can determine what, if any, injury resulted to the child. As long as the injury is severe enough to deprive the child of his parent's companionship and guidance, the parent should not have to die for the child to gain relief. *Durepo*

*v. Fishman* (1987), Me., 533 A.2d 264, 268–69.

To work in full cooperation with the legislature by implementing the intent and purpose of the multitude of bills enacted for the public good, *Dearborn Fabricating & Eng. v. Wickham* (1988), Ind.App., 532 N.E.2d 16 should have been followed.